312     WRIGHT *v.* CITY OF CHICAGO.     [Sept. T.,

Syllabus.   Statement of the case.   Opinion of the Court.

## TIMOTHY WRIGHT

*v.*

## THE CITY OF CHICAGO.

SPECIAL ASSESSMENTS—*in the city of Chicago—by whom the character of the improvement to be determined.* An ordinance of the city of Chicago directed a certain street to be curbed with curb walls "where the same are not now already built, and where the same are not now in a good and sound condition," the work to be done under the superintendence of the board of public works: *Held,* the ordinance vested the board of public works with a discretion required to be exercised by the common council alone, and was void.

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a proceeding in the court below for a judgment upon a special assessment warrant, which resulted in a judgment against the property upon which the assessment was made, from which the owner appealed.

Mr. DANIEL L. SHOREY, for the appellant.

Mr. M. F. TULEY, Corporation Counsel, for the appellee.

Per CURIAM: The ordinance under which the assessment in question was levied, orders that West Randolph street, from the west line of Halstead street to the east curb line of Carpenter street, be curbed with curb walls *where the same are not now already built,* and *where the same are not now in a good*

*and sound condition;* and that said street, from the west line of Carpenter street to the western terminus of said Randolph street, at Union Park, be curbed with curb stones where the same are not already set, and where the same are not now in a good and sound condition; and that said West Randolph street, from the west line of Halstead street to the west terminus of Randolph street, at Union Park, be filled, etc., and paved with wooden blocks, excepting a space sixteen feet wide in the middle of said street, from the west line of Halstead street to the western terminus, etc., now occupied by the tracks of the Chicago West Division Railway Company, the work to be done under the superintendence of the board of public works.

This ordinance vests the board of public works with a discretion, required to be exercised by the common council alone. It falls within the decision of the case of *Foss* v. *City of Chicago,* 56 Ill. 354, and is void.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*