# William R. Page *et al.*

*v.*

# The City of Chicago.

1: Special assessment—*ordinance.* An ordinance for the curbing " with curb walls where curb walls are not already built " in the designated "portion of Milwaukee avenue," and filling and paving with wooden blocks a portion of that avenue, does not confer any discretion on the board of public works, and it is valid. This case is distinguished from *Foss* v. *City of Chicago,* 56 Ill. 354. In that case, to execute the ordinance required a large discretion on the part of the board of public works, while in this there is none conferred.

2. Same—*omission to assess property.* Where, in the improvement of a street by special assessment, there was, in the center of the street, a horse railway, and there was no evidence that such railway company was exempt from such assessment, the presumption is, that the track was liable to such assessment, and it was error, on account of its omission, to render judgment on the assessment against other property for the improvement.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

This was an application by the city collector to the Superior Court of Cook county for a judgment against delinquent lots, on a special assessment to improve a portion of Milwaukee avenue by curb walls and wooden block pavement.

An ordinance was passed, and the assessment made on property deemed benefited; and a portion of the owners failing to pay, this application was made. It appears that a city horse railway runs along the center of the street, and that it was not assessed, nor was there any evidence that it was exempt from such assessment.

Messrs. Spafford, McDaid & Wilson, for the appellants.

Mr. M. F. Tuley, Corporation Counsel, for the appellee

442        PAGE *et al. v.* CITY OF CHICAGO.        [Sept. T.,

Opinion of the Court.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This is an appeal from the judgment of the Superior Court of Cook county, in favor of appellee, upon a special assessment warrant.

The objection was urged below, and is made here, that the ordinance under which the assessment was made falls within the decision of the case of *Foss* v. *City of Chicago,* 56 Ill. 354, and is void. So much of the ordinance questioned in this case, as is material, reads thus:

SECTION 1.   That Milwaukee avenue, from the east line of Elston avenue and the east line of lot 11, in Harbine & Roman's subdivision of that part southwest of Milwaukee avenue, of the southeast quarter of section 5, town 39, range 14 east, to the southeast line of West Division street, be and is hereby ordered curbed with curb walls, (*where curb walls are not already built in said portion of Milwaukee avenue,*) filled and paved with wooden blocks, (excepting a space of eight feet wide in the middle of said Milwaukee avenue,) from the east line of lot 11, in Harbine & Roman's subdivision of that part southwest of Milwaukee avenue, of the southeast quarter of section 5, town 39 north, range 14 east, to the north line of Augusta street, now occupied by the tracks of the West Chicago Division Railway Company, such work to be done under the superintendence of the board of public works, conformably to the drawings prepared by said board thereto annexed.

It is the opinion of a majority of the court that this ordinance is distinguishable from that in the Foss case, and does not fall within the reasons assigned for holding the ordinance void in that case.   There, the exception was as to all portions of the described work which had not already been done in a suitable manner.   This left it to the board to determine what had been done in a suitable manner, requiring the exercise of discretion, a power subject to abuse, and which we held could

be exercised only by the council, and could not be delegated to the board. So, in the case of *Bryan* v. *City of Chicago, post,* 507, we held an ordinance, respecting the improvement of West Randolph street, void, and as falling within the Foss case; but the ordinance was different from the one at bar. It ordered curb walls to be built along Randolph street "where the same are not already built, and where the same are not now in good, sound condition." This last clause required the exercise of judgment and discretion, but no such words are in the ordinance in question. It simply says "where curb walls are not already built in said portion of Milwaukee avenue." This does not vest the board with any discretion. Anybody who knows what a wall is, could use his eyes and determine the existence or absence of such walls.

There was no evidence in the case tending to show that the Horse Railway Company was exempt from all burdens respecting the improvement of this street. Its property was not assessed, and we think it was competent to prove on the hearing that it was specially benefited by the improvement.

The collector was not authorized to make application for the judgment, and it must be reversed and the cause remanded.

*Judgment reversed.*