## ELIAS B. BOWEN *et al.*

*v.*

## THE CITY OF CHICAGO.

1. VOID ASSESSMENT. An assessment based upon a former original assessment which was void, is itself void.

2. All the points in this case, decided in *Foss* v. *City of Chicago*, 56 Ill. 354. Also, see *Workman* v. *City of Chicago*, and *Union Building Association* v. *City of Chicago, post* 463, 439. Those cases control this.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BARKER & WAITE, and Mr. WILLIAM HOPKINS, for the appellant.

Mr. M. F. TULEY, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This is an appeal from the judgment of the Superior Court of Cook county rendered upon a warrant for a special assessment to make up the amount which the city failed to collect of an original assessment for curbing with curb stones, filling, grading, and paving with wooden blocks West Madison street, from Centre avenue to Robey street.

The points arising upon the record question the validity of this second assessment.

Under proper objections to the application for judgment, the counsel for appellants introduced in evidence a certified copy of the entire record in both the original and new proceedings, from which it appears that the original proceedings from the first initiative step of the board of public works down to the order of confirmation were illegal and void upon the same grounds as in the case of *Foss* v. *City of Chicago*, 56 Ill. 354.

In the second assessment proceedings, which are more directly involved in this case, the original are treated as if valid. That is to say, although the statement to the council of the estimate of cost and expense is contained only in a report inviting an authority which the council could not legally give to the board, and which was therefore void, still, that estimate so reported is taken as the basis for the deficiency to be levied by the second proceedings, and is the only estimate ever stated to the council by the board.

The statute of 1867, amendatory of the city charter, makes it indispensable to a valid ordinance that the council should first obtain an estimate of the cost and expense of the improvement. None has ever been obtained but a void one. The same statute makes it indispensable to a valid assessment that the common council shall, in the order directing the doing of the work or making the improvement, specify what amount of the estimated expense shall be assessed upon the

270        BOWEN *et al. v.* CITY OF CHICAGO.        [Sept. T.,

Opinion of the Court.

property deemed specially benefited, and what amount shall be chargeable to the general fund.

The only order or ordinance in either the original or second proceeding, purporting to specify such amounts, is the original ordinance, which was, from the beginning, null and void. It is true, that the commissioners, in their report recommending the second assessment, give it as their opinion that the amounts specified in the original ordinance were fair and proper proportions of the original estimate to be assessed upon property benefited, and chargeable to the general fund. But the ordinance which accompanied their report and was passed by the council, is wholly silent in that respect, so that we find the opinion of the board of public works substituted, without any statutory authority, to the place of amounts expressly required by the statute to be specified by the order of the common council.

The 36th section of chapter 7 of city charter, (Gary's Laws 75), under which the new proceedings are claimed to be authorized, expressly requires the new assessment to be made as nearly as may be in the same manner as is prescribed for the first assessment. Under a proper objection to the judgment, appellants' counsel offered in evidence the contract under which the work was alleged to have been done, and offered to prove the fact of its completion, and that it actually cost some $25,000 less than the original estimate upon the basis of which the new assessment was made. But upon objection of the corporation counsel the court excluded the evidence and gave judgment against the different parcels of land returned as delinquent for the same identical amount assessed upon them in and by the original proceedings, which included $350 for the costs of such proceedings, and irrespective of the amount actually remaining unpaid after the work was completed.

The points arising in this case were all ruled in the cases of *Workman* v. *City of Chicago* and *Union Building Association* v. *City of Chicago, post* 463, 439. Those cases control this.

We do not hesitate to say, from what appears in this record of the nature and character of the second assessment, that the judgment upon that warrant is founded in wrong and oppression, and from these and other similar cases before us, we feel constrained to say that it does seem that the board of public works of Chicago conduct their proceedings much more in the harsh spirit of a grasping and not over-scrupulous creditor pursuing the property of his debtor, than with that fair, impartial, considerate disposition which should characterize the acts of every trustee, and especially of public trustees, administering a high and important public trust, involving the performance of the very delicate duty of interfering with the rights of private property.

We are of the opinion that the new assessment was not made upon the proper basis; that the court erred in excluding the evidence offered, and that the judgment should be reversed.

*Judgment reversed.*