## Milton Jerome

### v.

## The City of Chicago.

1. Special assessments—*necessity of a proper objection, to admit evidence.* In an application for a judgment upon a special assessment in the city of Chicago, the objector offered to prove that no notice had been given of the application for confirmation of the assessment, as required by the city charter: *Held,* as no such objection had been filed, the evidence was properly excluded.

2. Same—*discretion as to filing objection at the hearing.* And upon objection that the court below erred in refusing to allow such objection to be filed on the hearing, it was *held,* that that was a matter resting in the discretion of the court, and as there was no affidavit upon which the application to file it was based, this court could not say that the discretion had been abused.

Writ of Error to the Superior Court of Chicago.

Mr. Edward Roby, for the plaintiff in error.

Mr. M. F. Tuley, for the defendant in error.

Per Curiam: This was an application to the Superior Court of Chicago, at the March term, 1870, for judgment upon the city collector's report of a special assessment warrant for curbing, with curb walls, West Monroe Street, in the city of Chicago.

The only question arising upon the bill of exceptions, is the

exclusion of evidence offered by the objéctor, that no notice was given of the application for confirmation by the common council.  There was no such objection filed, and the evidence was properly excluded.

But it is also insisted that the court erred in refusing to allow the objector to file such objection upon the hearing. That was discretionary with the court, and as there was no affidavit upon which the application was based, we can not say that the discretion was abused.

The description of the improvement in the collector's report and notice, contains the words " excepting such portions of the above described work which have already been done in a suitable manner."  If the ordinance had been introduced, and it had appeared by it that the work was described in that manner, and the ordinance did not define the work which had been done in a suitable manner, the case would have fallen within that of *Foss* v. *Chicago*, 56 Ill. 354.  But inasmuch as the ordinance was not introduced, we can not say that the portion of the work assumed to have been already done in a suitable manner, was not described.

No error being apparent upon the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*