### City of Roodhouse v. Geo. W. Christian.

1. Tort Feasor—*Joint and Several Liability.*—Torts are in their nature several. A person may maintain separate actions against each one of a number of persons who commit a tort jointly and recover separate judgments against each, but he can have but one satisfaction.

2. Same—*Recovery of Several Judgments—Enforcement of the Largest.*—One who has sustained an injury at the hands of joint trespassers or other wrongdoers, may maintain separate actions against each and recover separate judgments, and while he can have but one satisfaction he may enforce the largest judgment.

3. Cities and Villages—*Sidewalks on Grounds Not Owned by the City.*—A sidewalk, although wholly upon grounds of another, if constructed and maintained by the city, is for all purposes a sidewalk of the city.

Memorandum.—Action of trespass on the case. In the Circuit Court of Greene County; the Hon. George W. Herdman, Judge, presiding. Declaration in case; plea, general issue; trial by jury; verdict and judgment for plaintiff; defendant appeals. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

Mark Meyerstein, attorney for appellant.

D. F. King and D. J. Sullivan, attorneys for appellee.

Mr. Justice Pleasants delivered the opinion of the Court.

In the night of July 15, 1890, appellee was seriously injured by coming in contact with a telephone wire charged

with electricity from an electric light wire and alleged to have been by appellant negligently allowed to remain sagging down across one of its sidewalks. For the damages so sustained he brought an action against the Roodhouse Electric Light & Power Co., in which, at the September term of the Greene County Circuit Court, he recovered a judgment for $1,250, and endeavored to collect it by garnishee proceedings and by application to the court in chancery for the appointment of a receiver, but failed. The judgment remains in full force but wholly unsatisfied.

On December 14, 1891, he brought this suit against appellant, in case, for the same damages, in which he obtained a judgment for $2,500. Upon the return of the verdict for that amount, defendant entered its motions for a new trial and in arrest, which were overruled, and exception thereto duly taken. By its appeal the record is brought here for review.

The declaration, in five counts, charges the city with negligence in two particulars, viz. : first, in permitting its sidewalk to be and remain in bad condition, and second, in permitting the electric light and telephone wires to be strung on the same poles in too close proximity, and the latter, while charged with electricity from the former, to remain sagged down so as to obstruct the sidewalk; by reason whereof the plaintiff, in passing along it at night, and in the exercise of due care, slipped his foot into a hole or crack therein, and falling upon the telephone wire so charged, was burned and injured permanently, as described.

A demurrer to the declaration having been overruled, defendant pleaded the general issue and in addition three special pleas, setting up in the first, the judgment against the Electric Light & Power Co.; in the second the same fact, together with the institution of the garnishee proceedings; and in the third, the same judgment and the filing of the bill for the appointment of a receiver.

To each of these special pleas a general demurrer was sustained, which rulings are assigned for error. The contention is that the rule allowing all or each of several tort feasors to be sued for the same injury and damages, and

holding that judgment against one, without satisfaction, is no bar to a suit against any other, is limited to the case of torts committed jointly, that is, where they join, actually or constructively, as by agreement, in the same wrongful act; that where they commit several acts, though each may contribute materially to the injury, judgment alone in an action against one is a bar to all others. We see no sufficient reason and know of no authority for this distinction.

The principle is that torts are in their nature several. Therefore " a plaintiff may maintain several actions against a number of persons who commit a trespass or other tort jointly and recover several judgments, though he can have but one satisfaction." Severin v. Eddy, 52 Ill. 191; W., St. L. & P. Ry. Co. v. Shacklett, 105 Ill. 381. This rule is elementary. And so, *a fortiori*, where the torts, though several, are mutual on the part of the wrongdoers and alike contribute materially to the injury. As in each case the party injured may have several actions, if in one he may recover several judgments we perceive no reason why he may not in the other also, and elect to enforce the largest. In neither can a defendant who has had his day in court and been adjudged individually guilty and liable for the damages assessed against him, rightly complain that in another action for the same injury, to which he was not a party and where the evidence may have been different without fault of the plaintiff, a lesser amount was found. If, then, it be true that these actions were not brought for the same tortious act jointly committed, and that none would lie against the defendants jointly (which we need not and do not decide), it is immaterial, since this is as that was, a several action, like those above cited, and also that of the Union Railway & Transit Co. v. Shacklett, 19 App. 145, in which a demurrer to similar pleas was held rightly sustained. We so hold as to these.

It would be useless to review in detail the evidence introduced under the general issue. It was more or less conflicting on divers points, but there was much that directly tended to show the general situation as follows: The side-

walk in question ran from the business part of the city southwesterly to the depot of the Chicago & Alton R. R. Co., and although wholly on the grounds of that company, had been constructed and maintained by the city and was much used by the public.

For the purposes of this case it was a sidewalk of the city, for the condition of which it was responsible, as one on its street. Village of Mansfield v. Moore, 124 Ill. 136. So of the poles and wires permitted to be erected along it. Stack v. East St. Louis, 85 Id. 377, and cases cited. In its reconstruction in 1885 some of the old material, which was unsuitable, was used at the place of the injury, where there were consequently some holes and a crack in it. That place was at the mouth of an alley running due east and west, and where the two wires, strung on the same poles, and there in a line nearly north and south, crossed the walk. The electric light wire was fastened some twenty feet above the ground and eighteen inches above the telephone wire. The nearest pole south of the crossing was about sixty feet from it and on the east side of the walk. Just north of the crossing the telephone wire had been diverted east from the electric light wire and fastened to the peak of a livery stable at the mouth of the alley on its north side; but it had become loosened from that attachment two weeks or more before the injury and the slack dropped down over the alley and walk. On several occasions during that time it was picked up by persons passing and hung upon a fence on the south line of the alley. While so hung they could pass under without touching it on the east side of the walk—being nearer to the south pole, where it was fastened at a height of nearly twenty feet—but not on the west. There was a corner pole a little west of north and about seventy-five yards from this crossing and where the electric light wire from the east turned south at a right angle, which was not guyed or braced, in consequence of which it was drawn inward (southeasterly) so far that this wire sagged down below the telephone wire. This condition existed continuously for four months next preceding

City of Roodhouse v. Christian.

the accident; and two or three days before it occurred, defective insulation having been worn off and contact effected, the telephone wire became charged at that point from the electric light wire.   On that night, from half past eight to nine o'clock, returning from his work to his home by the shortest and best route, appellee passed down the walk toward the depot, without any knowledge of its obstruction by the telephone wire.   It seems probable that it was then hung upon the alley fence—for two persons successively passed the crossing on the east side of the walk only a few feet ahead of him, but did not touch or observe it— and that he followed on the west side where the sag was low enough to reach him.   The walk was wet, and near the south line of the alley his foot slipped into the crack or one of the holes, and catching there for an instant he stumbled forward against the wire, which struck him about the chin. Grabbing it with his hands to displace it he was unable to take them off, but unfastened it from the fence and fell, almost insensible, with and upon it into the alley.   His outcry instantly brought to his aid the two persons who had preceded him.   The one who first touched him was thrown down by the shock so communicated.   They then endeavored to pull him off by means of a rope from the stable, but failing, procured a spade and released him with it by cutting the wire.   He lay on it from five to eight minutes and was badly injured.   When found his feet were only a few inches from the west line of the sidewalk and his body nearly at a right angle with it.

The city made a contract with the Electric Light & Power Co. for lighting its streets, and permitted it to erect its poles along them and the alleys.   Mr. Bateman owned the telephone wire.

For appellant it is argued that the proof fails to show that the sidewalk was out of repair at the place of the accident, or was there obstructed by the telephone wire, or if it was, that the city had notice of it, either actual or constructive—the claim being that appellant had left the sidewalk and gone into the alley where the wire was lower

and was there struck by it, thus varying substantially from the allegations in the declaration. These points, with others unnecessary to mention, were urged to the jury, and found against it. That finding should be conclusive upon this evidence, if there was no material error on the part of the court.

Only one instance of alleged improper admission of evidence is mentioned specifically in the brief of counsel, which related to the condition of the walk a week after the accident. We do not concede it was error, but if it was, it was too insignificant and harmless to affect the result.

Twenty-four instructions were given for plaintiff, many of which are criticised. In two or three a qualification was omitted which was fully and clearly stated in many others. Taken together they stated the law with abundant liberality to defendant, and the defects in the few referred to could not have prejudiced its defense.

It appears that those given for defendant occupy four pages of the record, yet not one is given in the abstract. They presumably supplied all deficiencies and corrected all errors, if any, in those given for plaintiff. One was refused, which stated that if the injury was due to accident the plaintiff could not recover. It was without support in the evidence and misleading. The law as to the effect of accident contributing to the injury was properly given. The judgment will be affirmed.