## City of Carlinville v. Gabriel Laager.

1. QUANTUM MERUIT—*when admission of evidence with respect to, erroneous.* Where the work for which recovery is sought was performed under written contract providing for payment in a specific way, it is error to admit evidence with respect to a *quantum meruit.*

2. INSTRUCTIONS—*when will not be reviewed.* Assignments of error upon instructions will not be reviewed where all of such assignments have not been abstracted.

Action of assumpsit. Appeal from the County Court of Macoupin county; the Hon. JOHN B. VAUGHN, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

T. L. CROWDER, City Attorney, and A. J. DUGGAN, for appellant.

EDWARD C. KNOTTS, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Gabriel Laager brought suit in the County Court of Macoupin county against the city of Carlinville for labor and services rendered in the cutting of about 3,400 feet of stone into curbing to be used upon

the streets of the city. Laager obtained a verdict for the balance alleged to be unpaid of $190.10. Judgment was rendered upon the verdict and the city appealed.

The work in dispute was done under a written contract with the city, and appellee claimed upon his part that he had substantially and in good faith complied with all the terms of the contract; that the city had accepted the work and that nothing remained to be done except payment upon the part of the city. The city defended upon the ground that the work, not paid for, had not been done according to the terms of the agreement, and that such work had not been accepted by it.

Appellee, by the terms of the contract, was to have ten cents per running foot for cutting into curbing part of a large quantity of stone then owned by the city and piled upon its lot, the work to be done in the best and most workmanlike manner; no improper material to be used, but all material to fully answer a sample; all work to be performed under the immediate direction of the street committee of said city, and to its entire satisfaction, approval and acceptance, and all labor performed to be subject to the inspection and approval or rejection of the said street committee.

It appears from the evidence that the city had, at the time the contract was made, a large amount of stone that had been formerly used as flagging or pavement, a part of which was fit for use as curbing and a part of which was not fit for that use; that appellee cut from said stone one piece which he exhibited to the members of the city council as a sample of the work he proposed to do at ten cents per foot and that the contract in question was entered into with reference to such sample.

After the making of such contract appellee cut the quantity of stone agreed upon which was set as curb-

ing by one Dietrich (who had an agreement with the city to set such stone), of which the city by action of its council accepted 1,500 feet and paid therefor at the contract price and refused to pay for the balance upon the ground that it had not been cut according to the terms of the agreement.

We think a fair review of all the evidence shows that the stone rejected was not cut in substantial compliance with the terms of the contract and did not answer the sample of work which appellee exhibited to the city council as a specimen of the workmanship he would employ. His own testimony tends strongly to show that he had not done the character of work that he engaged to do and that he didn't care whether or not the street committee, was satisfied with the cutting. The evidence upon the part of appellant seems to show conclusively that the stone rejected was unfit for curbing and not cut according to sample. Appellee failed to show a substantial compliance with the contract and his right of recovery depends wholly upon whether he established an acceptance of the work involved upon the part of the city.

Appellee's claim of an acceptance is based upon the fact that one Dietrich, who had the contract with the appellant to set the stone in the curb after it was set and dressed by appellee, hauled the stone away from the place where appellee did his work and set the same in the streets of the city. The evidence, however, fully and fairly establishes that the work was never satisfactory to the said street committee and that it never had their approval or acceptance, as such contract by its terms expressly provided.

W. H. Behrens, the mayor of the city, testified that he told Dietrich, while the work was in progress, that the stone did not come up to the sample and not to haul or set any more, and that he said to appellee not to cut any more unless he could make it like

the sample, to which appellee replied that he had a contract with the city and was "going to cut." George Q. Gordy, one of the aldermen of the city, and a member of the street committee, testified that so far as he knew no one was authorized to accept the stone sued for and that the committee never directed any one to haul the same. George C. Schoenherr, also an alderman and a member of the street committee, testified that he said to appellee that the stone was not cut according to the sample and that stone not cut according to the sample would be refused; that he and the mayor notified the appellee in like manner several times that the stone would be refused, to which appellee replied that he was doing the best he could. Schoenherr also testified that he directed Dietrich to quit hauling such stone and to haul only that which was in accordance with the sample. This evidence was in the main undisputed and tends very strongly to show that appellee was fully advised that the work he was doing was not up to the requirements of the contract between the parties and was not like the sample that he had furnished the city and which formed the basis of their agreement. With knowledge brought home to appellee that the stone was unfit for use as he cut it, and that stone so cut would not be accepted by the city, the act of Dietrich in hauling it away would not be an acceptance upon the part of the city or the committee on streets, unless there was authority shown upon his part to act for and represent the city in that behalf, which we think is not made to appear.

Upon the examination of appellee in chief he was permitted by the court to state, over the objection of appellant, what it was reasonably worth to cut the stone as he cut it. He said that he ought to have had fifteen cents a foot instead of ten, although he had previously stated that he was to do the work at ten cents per foot. The admission of this evidence was clearly error and was prejudicial to appellant's

cause. Appellee had a contract with the city to do the work sued for and whether it be the one in writing, offered by appellant, or the one stated by appellee in his testimony in chief that "he was to cut 3,500 feet of stone for the city for which he was to receive ten cents per foot," the price per foot was fixed and determined and evidence tending to change that price was not competent.

We refrain from a discussion of the assignment of errors relating to the instructions for the reason that appellant has failed to abstract all the instructions. Roodhouse v. Christian, 158 Ill. 137; Belleville Pump & Skein Works v. Bender, 69 Ill. App. 192.

For the reasons hereinbefore given the judgment is reversed and the cause remanded.

*Reversed and remanded.*