## Jacob Massock, Appellee, v. Royal Insurance Company, Appellant.

### Gen. No. 6,112.    (Not to be reported in full.)

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Action of assumpsit by Jacob Massock, plaintiff, against the Royal Insurance Company, defendant, in the Circuit Court of Bureau county, to recover on a policy of fire insurance insuring the store building of defendant in Granville, Illinois, in the sum of $1,700. From a judgment for plaintiff for $2,006.70 and costs of suit after trial without a jury, defendant appeals.

A reversal of the judgment is asked, on the ground that the appellee did not comply with the provision of the insurance policy, which requires that proofs of loss by fire shall be furnished to the Insurance Company, within sixty days after the loss has occurred; and it is urged that the failure to comply with this provision of the policy bars a recovery.

It does not appear that a proof of claim was ever filed by plaintiff. There was evidence that plaintiff was informed by an agent of defendant, when such agent learned of the fire, that he would notify defendant, whereupon defendant would send an adjuster to adjust the loss. It does not appear that this was done.

CHARLES B. OBERMEYER and CAIRO A. TRIMBLE, for appellant.

S. P. HALL and BUTTERS & CLARK, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 452*—*when clause requiring proof of loss may be waived.* A stipulation in a policy of fire insurance requiring insured to furnish a proof of loss as a prerequisite to the liability of insured on the policy may be waived by insured or by its agent.

2. INSURANCE, § 455*—*when provisions of policy requiring waiver in writing attached to policy do not prohibit waiver of proof of loss.* A condition in a policy of insurance requiring steps to be taken by insured after a loss, such as to furnish to insurer a proof of loss, are not within the limitation of another provision of such a policy providing that no officer, agent or other representative of insurer shall have power to waive any provision of the policy except in writing upon or attached to the policy.

3. INSURANCE, § 455*—*when agent power to waive condition in policy requiring proofs of loss.* An agent of a fire insurance company is empowered to waive a condition in a policy requiring proofs of loss as a prerequisite to the liability of insurer thereon where such agent has authority to solicit insurance and negotiate contracts

*See Illinois Notes Digest, Vols. XI to XV. and Cumulative Quarterly, same topic and section number.

therefor within a named territory, although his authority may be local as to such territory.

4. INSURANCE, § 455*—*how agent may waive provision of policy requiring proofs of loss.* A condition in an insurance policy requiring insured to furnish proofs of loss as a prerequisite to the liability of insured thereon may be waived by its agent without express words, by conduct inconsistent with an intention to enforce a strict compliance with the condition and which conduct is calculated to lead insured to believe that insurer does not intend to require such compliance.

5. INSURANCE, § 455*—*what constitutes waiver of proof of loss by agent.* In an action to recover on a policy of fire insurance which required as a prerequisite to the liability of insurer thereon that insured furnish proofs of loss within sixty days of such loss, which condition was not complied with, *held* that a waiver was proved where it appeared that when informed of the loss defendant's agent assured plaintiff that he would send a notice to insurer as a result of which insurer would send an adjuster who would adjust the loss, plaintiff being entitled to infer from such assurances that his loss would be promptly adjusted without proof of loss, and that insurer would not insist on such proofs being furnished.