THE CITY OF MT. CARMEL, Appellant, *vs.* GEORGE McCLUNG *et al.* Appellees.

*Opinion filed October 27, 1915.*

1. SPECIAL ASSESSMENTS—*a paving ordinance should establish grade of concrete culvert.* An ordinance for improving a street by grading, curbing and paving the roadway, which includes the construction of a concrete culvert seventy feet long, with suitable wing-walls, should in some way establish the grade of the culvert, and should describe both the culvert and wing-walls with such certainty as not to leave the matter to the discretion of the builders.

2. SAME—*when county court need not pass upon certain objections.* If the county court, in a proceeding to confirm a special assessment, holds that the ordinance is so insufficient that it will not sustain any assessment, the court is not required to pass upon objections which would arise had the ordinance been valid.

3. APPEALS AND ERRORS—*what must appear in abstract of record.* Everything necessary to a decision of the questions raised by an appeal must appear in the abstract of record.

APPEAL from the County Court of Wabash county; the Hon. W. S. WILLHITE, Judge, presiding.

IRA F. WOOD, for appellant.

P. J. KOLB, and M. J. WHITE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The city of Mt. Carmel filed in the county court of Wabash county its petition for the confirmation of a special assessment to pay the cost of an improvement of Sixth street by grading, curbing and paving the roadway with reinforced concrete, with a concrete curb and a concrete culvert. The court sustained objections to the ordinance filed by the appellees, whose property had been assessed, on the grounds that the grade of the concrete culvert was not established, the description of the culvert and wing-walls was indefinite and uncertain, and the estimated cost was in gross and not itemized, as required by law. Judgment against the property of the appellees was refused, and the city appealed.

The abstract of the record is very defective. It does not contain the ordinance, but there are what purport to be portions of it under the heading of the estimate of cost by the president of the board of local improvements, other portions are printed as part of the ordinance, and still other portions appear in the bill of exceptions in questions propounded to witnesses as having been read from the ordi-

nance. Everything necessary to a decision of questions raised by an appeal must appear in the abstract. It is impossible to find out anything very definite about the ordinance from the abstract, but enough appears to show that no grade was fixed for the culvert, which was a material part of the improvement. It was to be seventy feet in length, with suitable wing-walls at the ends, and to be constructed of concrete, the wing-walls and footings not to exceed two cubic yards in volume. It was to be located at the crossing of a ditch about two hundred feet easterly from the Southern railway and was to follow the general course of the ditch. It was to have a clear span of nine feet, and a height at the center line of Sixth street of three feet seven and a half inches from the top of the wall footings to the lower side of the cover. It is said by counsel that a grade was fixed for the center line of Sixth street, but that part of the ordinance is not in the abstract, and if it were, it would not indicate how far below that grade the top of the culvert was to be nor anything about the grade. The wing-walls were not described, and both as to them and the main structure witnesses said they would have to use their discretion. The ordinance was insufficient and the court did not err in sustaining the objections to it. *DeWitt County* v. *City of Clinton,* 194 Ill. 521; *Pierson* v. *People,* 204 id. 456; *McDowell* v. *People,* 204 id. 499; *Harris* v. *People,* 218 id. 439.

A cross-error has been assigned by a property owner on a failure of the court to pass on his objection that certain lots assessed were not contiguous to the improvement. The court having decided that the ordinance was insufficient to sustain any assessment was not required to pass upon objections that would have arisen if the ordinance had been sufficient.

The judgment is affirmed.    *Judgment affirmed.*