ACTION, § 71*—*when action for trespass may not be maintained.* In an action to recover damages for trespass, where on trial the acts of trespass complained of were shown by the plaintiff's evidence to have occurred subsequent to the commencement of the action, *held* that a verdict for the defendants was properly directed.

---

## The People of the State of Illinois, Defendant in Error, v. James Flannigan, Plaintiff in Error.

1. JURY, § 69*—*when right to challenge array and objections to regular organization of panel waived.* By entering upon the business of drawing a jury from the regular panel as organized, a party waives his right to challenge the array and any objection he might have taken to the regular organization of the panel.

2. APPEAL AND ERROR, § 418*—*how question raised by motion to quash array of jurors preserved for review.* To preserve for review the question raised by a motion to quash an array of jurors, such challenge should be made when the jury were called into the box and before their examination on *voir dire* was entered upon.

3. APPEAL AND ERROR, § 800*—*what must be preserved by bill of exceptions.* Where error was assigned as to a motion which was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

not in the bill of exceptions but in the record proper, *held* that the question was not saved for review.

4. APPEAL AND ERROR, § 866*—*what abstract must contain.* Everything necessary to a decision of questions raised by an appeal or writ of error must appear in the abstract.

5. APPEAL AND ERROR, § 883*—*when errors assigned relating to instructions considered.* Errors assigned on the giving or refusing of instructions will be considered on appeal only where all of the instructions given are presented by the abstract.

6. APPEAL AND ERROR, § 1316*—*when presumed errors in refusing requested instructions corrected.* Where the abstract fails to contain all of the instructions given, it will be presumed those given supplied all deficiencies and corrected all errors, if any, in refusing requested instructions.

7. INTOXICATING LIQUORS, § 161*—*when judgment not excessive.* A sentence of ten days in jail and a fine of fifty dollars and commitment until fine and costs were paid, on each of five counts of an information for selling intoxicating liquors to a minor without the written order of the minor's parent, guardian or family physician, *held* not to be excessive where the proof showed that the defendant sold twenty drinks to a minor eighteen years old and that he was permitted to remain in the saloon several hours and buy drinks until he had spent his pay-day money and become drunk.

Error to the County Court of Sangamon county; the Hon. J. B. WEAVER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

TEMPLEMAN & TEMPLEMAN, for plaintiff in error.

EDMUND BURKE, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The State's Attorney of Sangamon county filed his information consisting of five counts in the County Court of that county to the February term, 1915, charging James Flannigan with selling intoxicating liquors to a minor without the written order of the parents, guardian or the family physician of the minor. A trial

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by jury resulted in a verdict of guilty, in the manner and form as charged in the information. The court sentenced the defendant to ten days in jail on each count of the information, to pay a fine of fifty dollars on each count and to stand committed to the county jail until the fine and costs are paid. The defendant has sued out a writ of error to review the judgment. It is contended that the court erred in not sustaining a motion to quash the array of jurors. The challenge to the array was not made until after the plaintiff in error had entered upon the business of selecting a jury from the regular panel and had exhausted his peremptory challenges. Plaintiff in error by entering "upon the business of drawing a jury from the regular panel as organized had thus waived his right to challenge the array, and waived any objection which he might have taken to the regularity of the organization of the panel." *Mueller v. Rebhan,* 94 Ill. 142. To have preserved the question for review the challenge should have been made when the jury were called into the box and before the examination of the jurors on their *voir dire* had been entered upon.

It is also insisted that the plaintiff in error made a motion that some other person than the sheriff or any deputy be selected by the court to secure a common-law jury for the reason the sheriff and his deputies have openly stated that they are opposed to the liquor business and because of their pronounced prohibition and law enforcement ideas. This motion, with an affidavit that the facts stated in the motion are true, is not in the bill of exceptions but in the record proper. The question is not saved for review.

It is to be noted that there is no certificate of the clerk of the County Court at the close of the bill of exceptions, and the record commences with the words "Bill of exceptions." The only certificate of the clerk is at the close of what appears to be the record proper,

and certifies that "the foregoing" is a true and complete record of all proceedings together with the original bill of exceptions, and the bill of exceptions follows this certificate.

It is also argued that the court erred in refusing three instructions, namely, numbers 14, 15 and 29, requested by the plaintiff in error. No other instructions either for the People or the plaintiff in error are printed or referred to in the abstract. The record discloses that the court gave six instructions for the People and fourteen at the request of plaintiff in error. Everything necessary to a decision of questions raised by an appeal or writ of error must appear in the abstract. (*City of Mt. Carmel v. McClung*, 269 Ill. 450.) Error assigned on giving or refusing instructions will be considered on appeal only where all the instructions given are presented by the abstract. (*City of Roodhouse v. Christian*, 158 Ill. 137, 55 Ill. App. 107; *City of Carlinville v. Laager*, 129 Ill. App. 647; *Belleville Pump & Skein Works v. Bender*, 69 Ill. App. 189.) The abstract containing none of the instructions given, as required by numerous decisions, in order that the court may see whether similar instructions had been given, it will be presumed that the instructions given supplied all deficiencies and corrected all errors, if any, in refusing the requested instructions, therefore that assignment will not be further considered.

It is also contended that the penalty assessed is excessive.

The proof is that plaintiff in error sold about twenty drinks of intoxicating liquor to a minor eighteen years of age. The minor was employed by a coal company, and on the day he got his pay check he was permitted to remain in the saloon several hours and buy drinks until he had spent his money and become staggering drunk. Witnesses called by plaintiff in error testified to liquor being furnished to the minor when he was

in a very intoxicated condition. It does not appear to this court that the penalties imposed are excessive. The judgment will be affirmed.

*Affirmed.*