## Grace Davis, Appellee, v. Home Insurance Company, Appellant.

1. APPEAL AND ERROR—*insufficiency of abstract to present for review rulings on demurrer to special plea.* Where the abstract fails to show the rulings of the court on demurrers filed to special pleas, and fails to show any exception by appellant to the rulings of the court thereon the matter is not properly before the Appellate Court.

2. APPEAL AND ERROR—*necessity of preserving in abstract rulings sought to be reviewed.* The abstract is a pleading of the party filing it and whatever is sought to be reviewed on the record must be sufficiently set forth in the abstract to enable the court to consider the same.

3. INSURANCE—*when divorced husband not necessary party to suit on policy though named therein.* In a suit on a fire insurance policy where it was shown that plaintiff was the sole and unconditional owner of the property at the time the policy was written and when the fire occurred; that she had been divorced from her husband for over two years and separated from him six or seven years before the suit was brought; that she paid the premium on the policy; and that the name of her former husband was included in the policy by reason of the fact that the agent who wrote it had written a former policy on the same property and copied the names from the former one, the husband was not a necessary party.

4. INSURANCE—*evidence of authority of agent to waive proofs of loss.* Where the record discloses that the fire insurance policy sued upon provided "This policy is valid only when signed by James H. Morris & Co., Agents" and that the policy was so signed, and no evidence was offered by defendant, the jury was warranted in finding that Morris was the agent of defendant and had authority to waive proof of loss.

5. INSURANCE—*authority of agent for insurer to waive condition of policy.* An agent clothed with power to solicit insurance, receive and forward applications, receive and deliver policies and collect premiums, has power to waive a condition of the policy, even though his agency be confined to the territory in which he operates.

6. INSURANCE—*sufficiency of evidence of waiver of proofs of loss by insurer's agent.* Evidence that the fire insurance agent who wrote the policy on plaintiff's property told plaintiff after the fire that he did not come down because he was waiting for the adjuster; that plaintiff should go ahead and get lumber for her building and the company would settle therefor; that there was no use of suing on the policy and that it was not necessary to have any proofs of loss; and that such agent wrote two letters to plaintiff in which he

stated that he had received plaintiff's notice of loss- and was report-ing it to the company and as soon as he heard from them he would advise her when adjustment would be made and that, because of the large number of claims of loss made, the adjuster could not come for ten days, was sufficient to constitute a waiver of proofs of loss.

7. EVIDENCE—*competency of letters by agent waiving proofs of loss in suit on fire insurance policy.* In an action on a fire insur-ance policy where there was evidence sufficient to show that the person who wrote the policy was an agent of the insurer with au-thority to waive proofs of loss, letters written by him to the in-sured tending to show such waiver were properly admitted in evi-dence.

8. INSURANCE—*requested instruction as to limitation of agent's authority properly refused where unsupported by evidence.* In an action on a fire insurance policy the court properly refused an in-struction requested by defendant, based on the theory that the agent who wrote the policy and was claimed by plaintiff to have waived proofs of loss was a special agent, where no proof was offered to sustain that contention.

9. INSURANCE—*instruction based on theory that agent mere solici-tor properly refused where evidence showed general powers.* Where the evidence in an action on a fire insurance policy showed that the agent who wrote the policy was empowered to write and issue policies of insurance which became valid upon his signing them, the court properly refused an instruction based on the theory that such agent was merely a soliciting agent.

Appeal by defendant from the Circuit Court of Pulaski county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924.

FRED HOOD, for appellant; E. L. SNIDER, of counsel.

C. S. MILLER and CHAS. L. RICE, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

This is an appeal from a judgment for $800.00, recovered by appellee against appellant, in an action in assumpsit in the Circuit Court of Pulaski county, on a fire insurance policy for the loss of a dwelling and household goods. The policy in question was

issued November 1, 1921, to Grant Davis and Grace Davis "as interest may appear."

Appellant filed a plea of the general issue and three special pleas. The first special plea alleged that the policy was not issued to appellee alone, but to "Grant and Grace Davis"; that by reason thereof Grant Davis is a necessary party to said action, for the proper determination of said cause. The second special plea alleges that in case any change shall take place in the title or interest of the property or possession of the property therein named, or if the assured shall not be the sole and unconditional owner in fee of said property, or if this policy shall be assigned without written consent thereon, said policy shall be null and void. Demurrers were filed to said special pleas. The abstract, however, fails to show the rulings of the court on said demurrers, and fails to show any exception by appellant to the rulings of the court thereon. That being the state of the record, the matter is not properly before this court to pass upon. The abstract is a pleading of the party filing the same, and whatever is sought to be reviewed on the record must be sufficiently set forth in the abstract to enable the court to consider the same. *Gibler v. City of Mattoon*, 167 Ill. 18; *Gage v. City of Chicago*, 211 Ill. 109; *City of Mt. Carmel v. McClung*, 269 Ill. 450-452; *McGovern v. City of Chicago*, 202 Ill. App. 139.

Without reference, however, to the ruling of the court on the pleas in question, it is seriously contended by counsel for appellant that, inasmuch as the policy sued on was issued to appellee and her husband, in order for a proper determination of said cause, Grant Davis, the husband, should have been made a party to the suit.

The declaration alleged and the proof showed that appellee was the sole and unconditional owner of the property at the time said policy was written, and also on March 13, 1923, when the fire in question occurred.

The record further discloses that appellee had been divorced from her husband for some two years, and had been separated from him for some six or seven years before this suit was brought. Appellee had paid the premium on said policy, and the evidence tends to show that the name of the husband was included in the policy by reason of the fact that the agent who wrote the same had written a former policy on said property in the name of appellee and her husband, and wrote this one the same as the former one. This being the state of the record, we cannot agree with the contention of counsel for appellant that the husband was a necessary party.

In the case of *Westchester Fire Insurance Company v. Foster,* 90 Ill. 121, the Supreme Court had before it a question somewhat similar to the one here involved. In that case the court at page 122 in discussing this question says:

"This was an action brought by Thomas J. Foster, against the Westchester Fire Insurance Company, upon a policy for $1000 on a dwelling house in Chicago. The policy was issued to Thomas J. Foster and C. Baumhard, but it contained the following provision: 'Loss, if any, first payable to Thomas J. Foster as his interest may appear.'

"It is first claimed by appellant that the contract is with Foster and Baumhard jointly, and that Foster can not maintain an action alone. Baumhard paid no part of the premium, nor was he aware that the policy had been issued; he was connected in no manner whatever with the transaction. The contract was made between the insurance company and Foster; he paid the premium and the insurance was made solely for his benefit. The loss, by the terms of the policy, was payable to Foster, and we are aware of no principle in pleading or the law of contracts which would deprive the person to whom the loss was payable from sustaining an action in his own name. This question has been raised in other courts and the decisions seem to be uniform in holding that the person who pays the premium, and to whom the loss is pay-

able, is the proper party to sue for the loss. *Insurance Co. v. Chase,* 5 Wall. 509; *Motley v. Manufacturers' Insurance Co.,* 29 Me. 337; *Chamberlain v. The N. H. Fire Insurance Co.,* 55 N. H. 249; *Jefferson Insurance Company v. H. & D. Cotheal,* 7 Wend. 73.''

We are therefore of the opinion and hold that, on the record in this case, appellee was fully warranted in prosecuting said suit without joining her husband therein.

Appellant's third special plea alleged that appellee did not within sixty days from the date of the loss render to appellant or to its Chicago office under oath a particular and detailed statement and proof of loss, as provided by the terms of the policy, and that such proofs were not furnished at any time. Appellee filed a replication thereto, alleging a waiver of said proof.

It is the contention of appellant that it was not shown by any competent evidence that the relation of James H. Morris to appellant was anything more than a mere soliciting agent and that he had no authority to waive proofs of loss. The record discloses that the policy sued on contained the provision: ''This policy is valid only when signed by James H. Morris & Co., Agents, at Metropolis, Illinois,'' and the evidence is that said policy was so signed. No evidence was offered by appellant. We are therefore of the opinion and hold that the jury were warranted in finding that Morris was the agent of appellant, and had authority to waive proof of loss.

An agent clothed with power to solicit insurance, receive and forward applications, receive and deliver the policies and collect premiums has power to waive a condition of the policy, even though his agency be confined to the territory in which he operates. *Phenix Ins. Co. v. Stocks,* 149 Ill. 319-336; *Milwaukee Mechanics' Ins. Co. v. Schallman,* 188 Ill. 213-224; *Hancock Mut. Life Ins. Co. v. Schlink,* 175 Ill. 284-292; *Citizens Ins. Co. v. Stoddard,* 99 Ill. App. 469-475; *Massock v. Royal Ins. Co.,* 196 Ill. App. 394.

The next question presented is whether or not the acts of Morris, as agent of appellant, constituted a waiver of the proof of loss. Evidence was offered and admitted on the part of appellee over the objection of appellant to the effect that Morris, who had written said policy, told appellee that the reason he did not come down was that he was waiting for an adjuster; that appellee should go ahead and get lumber for her building and that the company would settle with her therefor; that there was no use suing on the policy and that it was not necessary to have any proofs of loss. Appellee also introduced in evidence two letters written by Morris to her. The first, dated March 15, 1923, two days after the fire in question, reads as follows:

"We have your notice of loss of your dwelling by fire Tuesday and are reporting same to the Company today. As soon as we hear from them we will advise you as to when adjustment will be made."

The second letter, dated March 27, 1923, is as follows:

"Your loss notice received and the Company notified. We have reported 26 wind losses, and the adjuster says such reports are coming in from all sections and that he cannot come down for ten days."

Appellant contends that the court erred in admitting said letters, and that Morris was merely a soliciting agent and without authority to waive proof of loss. For the reasons heretofore stated, we are of the opinion and hold that Morris was an agent of appellant, with authority to waive said proofs of loss. The court therefore did not err in admitting said letters.

It is also assigned as error that the court erred in refusing to give appellant's two refused instructions. No instructions were given on behalf of appellee and only two instructions were given on the part of appellant. The first refused instruction offered by appellant was based on the theory that Morris was a special

agent. No proof was offered to sustain this contention. The court did not err in refusing this instruction. The second refused instruction was not based on the evidence, as the evidence shows Morris was not merely a soliciting agent, but was empowered to write and issue policies of insurance, which became valid upon his signing them. This instruction, if given, would have misled the jury, and the court did not err in refusing the same.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*