ED. KIMMEL, Admr.

*v.*

THE PINCKNEYVILLE MUTUAL COUNTY FIRE INS. CO.

*Filed at Mt. Vernon April 1, 1896.*

1. INSURANCE—*when fire insurance in mutual company extends to heirs.* A fire policy upon buildings, taken by a county mutual company organized under the act of 1877, (Laws of 1877, p. 123,) based upon an obligation by the assured binding himself, heirs and executors, to pay *pro rata* shares for expenses and losses, does not terminate by the death of the insured within the period of insurance.

2. SAME—*placing refusal to pay on one ground waives other defenses.* Refusal of a company to pay a fire policy upon buildings upon the sole ground that the buildings were burned by the heirs of the deceased policyholder, is a waiver of the defense that the insurance did not extend to a loss occurring after the policyholder's death.

*Pinckneyville Mut. Fire Ins. Co.* v. *Kimmel,* 59 Ill. App. 532, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Perry county; the Hon. BENJ. R. BURROUGHS, Judge, presiding.

BENJAMIN W. POPE, for appellant:

The death of the insured is no alienation of the property insured, within the meaning or the prohibition of alienation. 2 Parsons on Contracts, 452.

Where the policy provides that the property shall not be sold or alienated, the death of the party does not operate as an alienation. Wood on Fire Insurance, sec. 319.

The death of the insured does not terminate the policy. *Phelps* v. *Insurance Co.* 9 Bos. 409.

No sane man would ever accept a policy of insurance against loss by fire, if he understood it, which contained a provision for immediate forfeiture by reason of his death and consequent descent of title to his heirs. *Insurance Co.* v. *Kinnier's Admx.* 28 Gratt. 88.

A frequent condition is, that the policy is to be void on the sale or transfer or alienation of the subject. Under

this condition the policy is not forfeited by the descent of the property to heirs.    Phillips on Insurance, sec. 880.

The contract of insurance ought not to be terminated by the company except by the express terms of the policy or the prohibited act of the insured.    *Burbank* v. *Insurance Co.* 24 N. H. 559.

I. R. SPILMAN, for appellee:

Among the features distinguishing this company from those who insure upon a capital paid up or secured, are, that each insurer becomes a member of the association. *Insurance Co.* v. *Comfort,* 50 Miss. 662.

The charter, the policy issued by the company, and the conditions annexed thereto, govern the rights and duties of the parties in a mutual fire insurance company, and must be read together.    16 Am. & Eng. Ency. of Law, 34.

The contract of insurance is a personal contract with the assured, and the policy does not pass so as to continue the liability of the company to an assignee or a purchaser of the property insured, unless by consent of the underwriters or properly authorized officer or board of the association.    *Simeral* v. *Insurance Co.* 18 Iowa, 319.

An administrator has an insurable interest in real estate, where there is a necessity to sell it to pay debts. *Shepherd* v. *Insurance Co.* 21 W. Va. 366.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee is incorporated under the act to organize and regulate county fire insurance companies, in force July 1, 1877.    On March 13, 1893, it issued its policy of insurance to Edwin Burbank, insuring his dwelling house with contents, and barn with contents, in different sums, aggregating $1160, against loss by fire or lightning, for five years from that date, until March 13, 1898.    Burbank died May 30, 1894, and the property insured was destroyed by fire in the month of August following.    This

suit was brought by his administrator, and there was a recovery for the full amount of the policy. An appeal was taken to the Appellate Court, where the judgment was reversed and the cause was not remanded. The Appellate Court did not recite in its judgment that it found any fact different from the finding of the trial court. A further appeal has been prosecuted to this court, and the question is presented whether the action could be maintained under the facts as found by the trial court.

No question is made of the right of the administrator to bring the suit, and there is no dispute that the right of action was in him in case the contract of insurance was not terminated by the death of the insured, but the single question raised by the parties is, whether the death of the insured, and the consequent descent, by operation of law, of the property insured, to his heirs and administrator, annulled the policy upon which the suit was brought.

The statute under which the company was organized provided that it might issue policies for any time not exceeding five years, and that all persons so insured should give their obligation to the company, binding themselves, their heirs and assigns, to pay their *pro rata* share to the company of the necessary expenses, and of all losses by fire or lightning which might be sustained by any member thereof during the time for which their respective policies were written. In compliance with the statute requiring such obligation, the insured, in his application for insurance, agreed and promised that his heirs or executors should be bound in like manner as he had therein bound himself, and he thereby agreed that insurance should be based on such statement and agreement. The policy made the application a part of the contract on which the insurance was based. The policy contained no provision limiting or determining the liability of the insurance company in case of alienation, transfer or change of title, by descent or otherwise, and

it is not contended that the policy was terminated by reason of any of its conditions or stipulations, nor that policies of insurance in general, for fixed periods, terminate upon the death of the insured, but it is claimed that this policy so terminated by reason of the nature of the insurance company. It is contended that membership in this company was a personal trust reposed in Edwin Burbank that could not pass to any other person, and that the company was not required to accept heirs or personal representatives as members. The argument is, the right to insurance being limited to members, and membership not being transferable, the policy terminated.

The contract was a contract of indemnity, and for a fixed period. It was not different from any other contract which would pass to heirs or personal representatives. There is no likeness between membership in a corporation merely incident to a contract of insurance and membership in a social order. We fail to discover any personal trust or personal quality in Edwin Burbank material to the contract of insurance. By the application, which was made a part of the policy, it was contemplated that heirs and personal representatives would be bound and would perform the agreements of the insured in case of his death, and the company did not understand that its liability was affected or terminated by the death of Edwin Burbank. At the August meeting of the board of directors, in 1894, action was taken and entered of record, as follows: "On motion, the recent loss of Edwin Burbank, deceased, together with the loss of horses by Wiley Lipe, be adjusted by President Curlee, T. J. Rice and Fred Ahlers, as soon as proper affidavits are made." It is said by counsel that perhaps the directors did not know that Burbank was dead when this recognition of the policy and of the rights of the heirs and personal representatives occurred. Inasmuch, however, as the record speaks of "Edwin Burbank, deceased," there can be no question as to their knowledge. Affidavit of the

loss was made, and the committee, appointed as above, reported to the board that they were of opinion that the barn and house were set on fire by one or more of the heirs-at-law, or their allies or servants, and for that reason the company refused to pay. The refusal was never placed on the ground that the contract of insurance had terminated, but it was treated as being in force. Even if the company had not been bound to receive heirs or representatives into the corporation under the contract of insurance, it did so, and placed its refusal to pay on entirely different grounds.

Cases have been referred to by counsel where it has been held that policies of insurance terminated upon descent of the property by operation of law, but those cases depended upon special provisions in the policies touching change of title which are not to be found in the policy in this case. Such a transfer of title is not even within the ordinary provisions concerning alienation.

Being of the opinion that the policy was not terminated by the death of the insured, the judgment of the Appellate Court will be reversed and the judgment of the circuit court affirmed.     *Judgment reversed.*