## Phenix Insurance Co. v. The Belt Railway Co.

1. CONSTRUCTION OF CONTRACTS—*Insurance Policies.*—An insurance policy on rolling stock to be covered wherever it may be, must be construed in the light of the character of the business of the assured, being in this case that of a general transfer business for other railroad companies, and as covering cars which come to its possession in its business.

2. LIMITATIONS—*In Policies—Estoppel to Assert.*—In order that the limitation clause of an insurance policy, as a defense, may be considered waived, or the company barred from making it, though not in a strict sense estopped by acts *in pais*, strong proof is not required, nor is it necessary that the proof should establish facts equivalent to a technical estoppel, but only such facts as make it unjust, inequitable or unconscionable to allow the defense to be interposed.

3. WAIVER—*Of Proofs of Loss.*—Where an insurance company repudiates its liability within the time fixed by the policy for the furnishing of proofs of loss, such action is a sufficient waiver of notice or proofs of loss.

**Assumpsit,** on a policy of insurance. Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed April 17, 1899.

**Statement of the Case.**—Appellant issued its policy of insurance indemnifying appellee against loss or damage by fire, among other items, viz.: " $52,750 on rolling stock as described below or leased, and for which the assured is liable, which is to be covered wherever it may be," etc., including box, coal and refrigerator, as well as flat cars. The policy contained provisions requiring notice in writing by the assured to appellant of loss or damage by fire within six days, and within thirty days from the fire a particular and specific account of the loss, and a failure to give such notice and account within said thirty days rendered the policy void; also that if the interest of assured in the property be other than the exclusive ownership, the company must be so notified, and such interest be so expressed in the written part of the policy, or that should render the policy void; also, that no suit against appellant for the recovery of any claim

by virtue of the policy should be sustainable until after an award, as provided by the policy, nor unless such suit should be commenced within twelve months after the date of the fire from which such loss shall occur; also that any person other than the assured, who may have procured the insurance to be taken by appellant, shall be deemed the agent of the assured and not of the company.

There were five losses during the life of the policy; the first October 28, 1892, and the last August 24, 1893. Appellant waived proof of loss in each of the first three cases by denying all liability under the policy, for the reason, as its agent claimed, that appellee was not the actual and exclusive owner of the property alleged to have been destroyed, of which the company was not notified, and therefore it was not liable under the terms of the policy. No question is made as to the notice in the other two cases.

The declaration was a special count on the policy and the common counts. Besides the general issue, appellant presented by appropriate pleas, three defenses, viz., first, failure to give notice within thirty days after each fire; second, that appellee's interest in the property was not exclusive, of which appellant was not notified; and, third, that the suit was not begun within twelve months after the dates of the fires and losses. This last plea is numbered four.

The present suit was begun April 6, 1896, but on October 13, 1893, appellee began a suit on the same cause of action, which was placed at issue and was pending until January 28, 1896, when it was dismissed by the court on a preliminary call of the calendar by the court, without notice to either party. Prior to the dismissal on February 9, 1895, by stipulation between the parties, a jury was waived and the cause was set for trial before the court without a jury, on April 3, 1895, and also upon stipulations the day of trial was postponed from time to time thereafter, and finally fixed on June 25, 1895, when, on motion of appellant, and because of the illness of appellant's attorney, an order was made by the court, Judge Payne, continuing the cause until after vacation of the court; that thereafter the clerk, in vio-

lation of the said stipulations and order of the court, and without notice to appellee, placed said cause on the calendar of Judge Sears for trial.   On a preliminary call of this trial calendar, and without notice to appellee, the suit was dismissed for want of prosecution.   Appellee had no knowledge of the dismissal until after the lapse of the term of court at which the dismissal was had, but as soon as the order of dismissal came to its knowledge, appellee requested appellant and its counsel to consent to set aside the order of dismissal, which was refused, and the present action was commenced within sixty days of said dismissal.   These facts were set out in the second replication to appellant's fourth plea in the present case, setting up the one year limitation contained in the policy.   Appellant demurred to this replication, which was overruled.   It then rejoined, taking issue on the facts alleged in the replication.   Issues were also made on the other pleas of appellant, which need not be set out because of any questions presented.   A trial was had before the court and a jury which resulted in a verdict and judgment for appellee, from which this appeal is prosecuted.

At the beginning of the trial appellant moved the court to set aside the order overruling the demurrer to said replication, which motion was overruled.

The essential facts alleged in the said replication are sustained by the evidence, and the evidence also shows that appellee's losses by the several fires were, with interest, the amount of the verdict and judgment.

GEO. S. STEERE, attorney for appellant, contended that the limitation clause in the policy is valid in Illinois. Johnson v. Humboldt Ins. Co., 91 Ill. 92; Allemania Ins. Co. v. Little, 20 Ill. App. 431; Phoenix Ins. Co. v. Lebsher, 20 Ill. App. 450.

Chapter 83, Sec. 25, Illinois Statutes (22 Starr & Curtis, 2642), does not affect the case, and the involuntary non-suit sustained in the prior action does not avoid the effect of the limitation clause.   Riddlesbarger v. Hartford Fire Ins. Co., 7 Wall. 386;  Melson v. Phenix Ins. Co., 97 Ga. 722, 25 S. E. Rep. 189;  McElroy v. Continental Ins. Co., 48 Kan. 200,

29 Pac. Rep. 478; Willson v. Ins. Co., 27 Vt. 99; Howard Ins. Co. v. Hocking, 130 Pa. St. 170; 18 Atl. Rep. 614; McFarland v. Ins. Co., 6 W. Va. 437.

EDGAR A. BANCROFT, attorney for appellee.

The conditions in an insurance policy are to be strictly construed against the company, and all doubts as to the meaning of any provision are to be resolved in favor of the assured. Leach v. Republic F. Ins. Co., 58 N. H. 245; Hoffman v. Ætna F. Ins. Co., 32 N. Y. 405; Chandler v. St. P. F. & M. Ins. Co., 21 Minn. 85.

The policy upon its face covers foreign cars. But even if it did not, the evidence would require its provisions to be construed to cover such losses.

Whoever solicits insurance, or acts as a go-between in the issuance of the policy, is the agent of the insurance company, despite a clause in the policy stating that he shall be regarded as the agent of the assured. R. S., Ch. 73, Sec. 22; S. & C., 2d Ed., 2218; Com. Ins. Co. v. Ives, 56 Ill. 402.

Stokes was the agent of appellant, and his knowledge of the interest of the assured and the nature of the property sought to be covered by the policy, is chargeable to the insurance company. Insurance Co. v. Chestnut, 50 Ill. 111; Phœnix Ins. Co. v. Stocks, 149 Ill. 319; Phœnix Ins. Co. v. Hart, 149 Ill. 513; Home Ins. Co. v. Mendlehall, 164 Ill. 458; St. P. F. & M. Ins. Co. v. Wells, 89 Ill. 82; American Ins. Co. v. Luttrell, 89 Ill. 314; Union Ins. Co. v. Chipp, 93 Ill. 96, 100; Germania Fire Ins. Co. v. Meka, 94 Ill. 494; Continental Ins. Co. v. Ruckman, 127 Ill. 364.

The insurance company, by denying that the policy covered foreign cars, waived the provision of the policy requiring detailed and formal proofs of loss to be presented within thirty days after a fire. Con. Ins. Co. v. Ruckman, 127 Ill. 364; P. M. & F. Ins. Co. v. Whitehill, 25 Ill. 466; German Fire Ins. Co. v. Gueck, 130 Ill. 345; Grange Mill Co. v. Western Ins. Co., 118 Ill. 396.

Placing a denial of liability upon one ground waives other grounds of defense. Kimmel v. Ins. Co., 161 Ill. 43.

So also the acceptance of proofs without objection waives their defects.  O'Neill v. Buffalo Ins. Co., 3 Comst. 122; Great Western Ins. Co. v. Staaden, 26 Ill. 360, 365.

And receiving them after time limited in the policy is waiver of the time limit.  German F. Ins. Co. v. Grunert, 112 Ill. 68.

The limitation was waived by the acts of the appellant averred in the replication to the fourth plea, explaining and excusing the delay in bringing the action.  German F. Ins. Co. v. Grunert, 112 Ill. 68; Humboldt Ins. Co. v. Johnson, 1 Ill. App. 309; Andes Ins. Co. v. Fish, 71 Ill. 620, 626; Home Ins. Co. v. Meyer, 93 Ill. 271, 276; Woodbury S. Bk. v. Charter Ins. Co., 31 Conn. 517; Ins. Co. v. Peck, 133 Ill. 220; Ill. Ins. Co. v. Baker, 153 Ill. 240; Wood on Fire Ins. (2d Ed.), Vol. 2, Sec. 467, p. 1026; Peoria M. & F. Ins. Co. v. Hall, 12 Mich. 202; Hay v. Star Fire Ins. Co., 77 N. Y. 235, 244; Coursin v. Penn. Ins. Co., 46 Penn. St. 323, 331; Ripley v. Astor Ins. Co., 17 How. (N. Y.) 444, 445; Ins. Co. v. Chestnut, 50 Ill. 111, 117.

Very slight acts are held sufficient to make out a waiver. May on Insurance (3d Ed.), Sec. 488; Killips v. Putnam F. Ins. Co., 28 Wis. 472, 484.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The principal question presented is as to whether the one year limitation in the policy against bringing suit, defeats this action.  Other minor questions, viz., the waiver of proofs of loss, that the property destroyed was not covered by the policy, and that the court erred in the admission and exclusion of evidence, are made, but do not seem to be specially relied on by counsel.  It is contended by appellee that, for certain technical reasons enumerated, the defense of the limitation clause in the policy can not be considered. We think otherwise.  It is also claimed that the limitation clause is void because it is coupled with a provision to arbitrate before bringing the action.  The New York and New Hampshire cases cited by counsel seem to support this con-

tention, but we think the provisions of the policy sued on as to award are such that if followed in good faith by the company, they would not render the limitation clause void. Johnson v. Ins. Co., 91 Ill. 92.

No doubt if the company should fraudulently use the provisions of the policy relating to award in such way as to prevent an award being made within the time limited by the policy for bringing suit, such action could properly be held to render nugatory the limitation clause.

The limitation clause in the policy, while not favored by the courts, is a defense to this action, unless the replication is sufficient to avoid such defense. May on Ins., Sec. 488; Ins. Co. v. Chestnut, 50 Ill. 111–7; Home Ins. Co. v. Meyer, 93 Ill. 271–6; Hay v. Star Fire Ins. Co., 77 N. Y. 235–41; Chandler v. Ins. Co., 21 Minn. 85.

Has appellant waived this defense or is it estopped from making it?

Appellant claims that certain matters alleged in the plaintiff's replication are not shown by the evidence, but it is not and can not be denied that a former suit for the same cause of action was commenced on October 13, 1893, which was within the period of limitation in the policy; that during the pendency of this suit, and after the limitation had expired, appellant entered into a stipulation waiving a jury and setting the case for trial before Judge Payne; that by stipulation the date of such trial was changed from time to time, and that upon appellant's motion, and by reason of the illness of its attorney, the hearing of the cause was continued from June 25, 1895, until after vacation of the court, and that while the stipulation waiving a jury and agreeing to try the case before Judge Payne was still in force, the case was placed on the trial calendar of Judge Sears, without notice to appellee, and by the latter judge dismissed, also without notice to appellee, and it had no notice of such dismissal until after the term at which the dismissal was entered had expired, and that appellant and its counsel refused to consent to set aside the order of dismissal.

In order that such a defense may be considered waived, or

the insurance company debarred from making it, though not in a strict sense estopped by acts *in pais*, strong proof is not required of waiver, nor is it necessary that the proof should establish facts equivalent to a technical estoppel, but only such facts as would make it unjust, inequitable or unconscionable to allow the defense to be interposed. Chandler and Hay cases, *supra;* Maltman v. R. R. Co., 72 Ill. App. 378–86, and cases there cited; German F. Ins. Co. v. Grunert, 112 Ill. 68–76.

We are of opinion, in view of the uncontroverted facts stated and the authorities cited, that it would be unjust and unconscionable to allow appellant to interpose the limitation in the contract. Appellant's conduct, after stipulating to try the case without a jury before a particular judge, and securing a postponement of the trial by reason of the illness of its attorney, and refusing to reinstate the case after it had been dismissed for want of prosecution by another judge, without notice to appellee and after the lapse of the term, seems so far from good faith and fair dealing that it may be characterized as unjust and inequitable; and while it does not include all the elements of an estoppel *in pais*, it may be regarded, as said by the Supreme Court in the Meyer case, *supra*, as a " sufficient excuse for non-compliance with the provision of a policy requiring suit to be brought within a stipulated time."

The same is true as to the claim that notice or proofs of loss were not made within thirty days from the first three fires. The evidence is not very clear as to the exact date when appellant, through its agent, repudiated liability under the policy by claiming that it did not cover foreign cars, but we think it is sufficient to justify the conclusion that all liability was repudiated within thirty days of each of these losses, and that was a sufficient waiver of notice of proofs of loss. Grange Mill Co. v. Wes. Ins. Co., 118 Ill. 396–401; German F. Ins. Co. v. Grueck, 130 Ill. 345–51; Kimmel v. Ins. Co., 161 Ill. 43–7.

That the language of the schedule in the policy, viz., " on rolling stock as described below, or leased, and for which the assured is liable, which is to be covered wherever it may

be," etc., and describing box, coal, flat and refrigerator cars, is sufficient to cover foreign cars, that being the kind included in the several losses, when construed in the light of the character of appellee's business, being that of a general transfer business for other railroad companies, and that appellee owned but a few flat cars, all of which was known to and discussed by appellee's officers with appellant's agent when the policy was solicited and written, is clear, as we regard it, and beyond controversy.

A policy similar in its terms was considered by the Supreme Court in Home Ins. Co. v. N. P. Ry. Co., 178 Ill. 64, in which it was held that the words, "for which the assured are or may be liable," were sufficient to cover cars of other railroad companies which came into the possession of the assured, to be by it transferred and stored in consideration of certain charges made. The cars in question here came to the possession of appellee in its business of transferring the cars of other railway companies.

The only remaining question is as to the admission and exclusion of certain evidence, and that the proof of the amount of loss is insufficient. We have considered each of appellant's contentions in these respects, and are of opinion none of them present any reversbile error. It would needlessly extend this opinion to discuss them in detail.

The judgment is affirmed.