Henry Eberhart, Trustee, Appellee, v. Aetna Insurance Company, Appellant.

Gen. No. 6,757.

1. APPEAL AND ERROR, § 1702*—*when objection to finding is waived.* Where, in an action to recover on a fire insurance policy, at defendant's request the court submits to the jury a special interrogatory as to what amount of damage was caused to the insured property and the jury makes a special finding which defendant does not move to set aside, and to which he does not refer as a ground for new trial, the objection that the damages are excessive cannot be urged on appeal, notwithstanding an objection below that the verdict was excessive, such objection going to the general verdict and not to the special finding.

2. INSURANCE, § 71*—*what is sole ownership of property.* Unconditional and sole ownership is such ownership as would carry the loss of the property insured if destroyed.

3. INSURANCE, § 71*—*when sole ownership of property is not affected by agreement as to sales.* Unconditional and sole ownership of property, within the meaning of a fire insurance policy, is not lost by an agreement of the owner whereby a third person is given control of the proceeds of sales of such property.

4. INSURANCE, § 120*—*when rule against forfeitures is applied.* The rule that the law does not favor forfeitures applies to the construction of an insurance policy.

5. INSURANCE, § 120*—*how policies are construed.* A contract of fire insurance must be most strongly construed against the insurer.

6. INSURANCE, § 455*—*when statements of agent operate as waiver of proof of loss.* Statements of an insurance company's representatives to the owner of the insured property to one assisting the insured in selling the insured property and to an attorney representing the creditors of the insured, made within

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Eberhart v. Aetna Insurance Co., 217 Ill. App. 354.

60 days after the fire, that the matter of the fire was in the hands of the State Fire Marshal for investigation, afford sufficient evidentiary basis for an instruction as to the waiver by defendant of the provision of the policy requiring proof of loss in 60 days, and stating that if before the expiration of 60 days after the fire, defendant's adjuster informed insured that the fire was being investigated by the State Fire Marshal and if insured was thereby led to believe that proofs of loss would not be required by defendant, defendant waived such proofs and cannot avoid liability on the ground that they were not furnished.

7. INSURANCE, § 693*—*when instruction as to waiver of proofs of loss is erroneous.* In an action to recover on a policy of fire insurance in which plaintiff alleges a waiver by defendant of proofs of loss, defendant's requested instruction that, as a matter of law, waiver is an intentional relinquishment of a known right, and that unless the jury find from all the evidence that defendant intended to excuse insured from giving proofs of loss and by the conduct of its agents made such intention known to insured, it cannot be held that proofs were waived, is properly refused since waiver of such proofs might not only be express, but could also be inferred from such conduct on the part of defendant as would justify the belief that such proofs would not be required.

8. INSTRUCTIONS, § 138*—*when instruction is properly refused as unnecessary.* It is not error to refuse an instruction which is merely an abstract proposition of law and as to which there is no evidence in the case applicable.

Appeal from the Circuit Court of Will county; the Hon. ARTHUR W. DE SELM, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 21, 1920.

CHARLES B. OBERMEYER and MURPHY & ANDERSON, for appellant.

JOHN W. DOWNEY and JOHN H. SAVAGE, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This is an action in assumpsit brought in the circuit court of Will county by Henry Eberhart, trustee

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in bankruptcy of the estate of August F. Salow, against the Aetna Insurance Company, to recover on an insurance policy for $3,000 issued by the Aetna Company to August F. Salow.

In the year 1916, Salow was engaged in the retail hardware and farm implement business in Manhattan, Illinois. Henry Eberhart, who is a resident of Manhattan, was agent for the Aetna Company, and wrote the policy in question for said company on December 14, 1916. Two days later, on December 16, 1916, a fire took place, completely destroying the property insured. The evidence shows that during the fall of 1916, Salow's creditors placed their demands in the hands of Fred W. Walter, an attorney of Joliet; and shortly before November 26, 1916, several of the creditors, either in person or by attorney, met in the offices of Fred W. Walter, with Salow, and plans were there discussed as to the best way for Salow to provide for payment of his indebtedness; and it was finally decided that it would be best to have some reliable person go out and assist Salow in the store, and, as the stock was sold out, to take charge of the proceeds of such sales and conserve them for the creditors; and Eberhart was empowered to carry out this arrangement, and went to work in the store about November 26, 1916. He and Salow each had a key to the store, and to the cash drawer, and they worked together. Salow was especially energetic. He was the first one there in the morning and the last one to leave at night, and he directed the sales and the purchases, and when Eberhart was in doubt as to the price at which any article was to be sold, he always conferred with Salow, and upon some occasions was directed by Salow not to sell. At night, after the close of business, they would count up the money, and Eberhart would then take it and place it in the bank in his name as trustee.

The policy insurance sued on is a New York Stand-

ard form of fire insurance, and contains, among other provisions, the one that the policy shall be void if the interest of the insured be other than unconditional and sole ownership; and it also provides that the insured shall file proofs of loss within 60 days after a fire, unless the time is extended in writing. The fire referred to occurred in the early morning of December 16, 1916, and that same morning Eberhart notified the insurance company by telephone of the loss. Two or three days later, a representative of the company went to Manhattan and investigated the loss. He talked with Eberhart and Salow, and told Eberhart that he would let them know what they would do about it. On January 17, 1917, a representative of the company wrote Walter stating that the matter was in the hands of the State Fire Marshal for investigation and report. No report in fact was ever made to Walter or any one for Salow. Some months after the fire, however, a representative of the company also told Eberhart that the matter was in the hands of the State Fire Marshal for investigation.

On the trial of the case and at the conclusion of all of the evidence offered on behalf of the plaintiff, the defendant moved the court to instruct the jury to find the issues for the defendant, and thereupon the plaintiff asked for and was granted leave to amend the declaration, by striking out the allegations and averments that Salow had furnished proofs of loss, as required by terms of the policy, and to insert in lieu of such allegations and averments other allegations to the effect that the defendant had waived the furnishing of said proofs of loss, and refused to pay such loss on the ground that the fire was being investigated by the State Fire Marshal. The defendant objected to the court granting leave to file said amendment to the declaration, and moved for a continuance on the ground of surprise, but the court al-

lowed the amendment to be made and refused to grant a continuance. The trial by jury resulted in a verdict in favor of the appellee for $3,025, upon which judgment was rendered. And this appeal is prosecuted from the judgment.

It is urged by appellant that the damages are excessive. With reference to this contention it must be pointed out, however, that at the request of the appellant the court submitted to the jury a special interrogatory, as to what amount of damage was caused to the property covered by the policy of insurance. The jury in the special finding fixed the amount of the damage at $7,000. No motion was made by the defendant in the court below to set aside this special finding, and this question is therefore not properly before us for consideration. The objection that the amount of the verdict is excessive applies only to the general verdict, and not to the finding on the special interrogatory; the special finding is not referred to as a ground for a new trial, and cannot be urged as error on appeal. This court discussed and upheld the rule referred to in *Kristel v. Michigan Cent. Ry. Co.*, 213 Ill. App. 518, and the cases sustaining it are there cited. It was also sustained in *Todd v. Louisville & N. Ry. Co.*, decided by the court in 197 Ill. App. 141, and reversed in 274 Ill. 201.

It is also urged by appellant that the evidence shows that the interest of the insured in the property destroyed was not unconditional, and sole ownership, by reason of the arrangement with Eberhart. We are of opinion that the evidence shows no change in Salow's ownership of the property by the arrangement with Eberhart. Unconditional and sole ownership is such ownership as would carry the loss of the property insured if destroyed. *National Fire Ins. Co. v. Three States Lumber Co.*, 217 Ill. 115; *Lycoming Fire Ins. Co. v. Jackson*, 83 Ill. 303; *Phenix Ins.*

*Co. v. Caldwell,* 187 Ill. 73. It is not disputed that Salow was such an owner prior to the meeting of the creditors; and the change made at that time, was not of ownership but had reference only to a control of the proceeds of the sales, and the loss occurring by the destruction of the property necessarily fell on Salow.

Appellant assigns as error, also, the giving of the second instruction for appellee and insists that there was no evidence on which to base it. The substance of this instruction is, that the provision relating to the furnishing of proof of loss is inserted for the benefit of the insurance company, and that the company can waive it if it sees fit; and that if the jury believe from the evidence that, before the expiration of 60 days from the date of the fire, an adjuster for the company informed the insured that the fire was being investigated by the State Fire Marshal, and that the insured was thereby led to believe that proofs of loss would not be required by the defendant, then that the defendant waived the necessity of such proofs of loss, and cannot avoid liability on that ground. The law does not favor forfeitures, and the contract issued and prepared by the insurance company was made for its own protection, and must be construed most strongly against it. *National Fire Ins. Co. v. Three States Lumber Co.,* 217 Ill. 127, and cases cited. And under the holding in *O'Connor v. Maryland Motor Car Ins. Co.,* 287 Ill. 210; *Kimmel v. Pinckneyville Couny Mut. Fire Ins. Co.,* 161 Ill. 43; *Aetna Ins. Co. v. Jacobson,* 105 Ill. App. 283; *Insurance Co. of North America v. McDowell,* 50 Ill. 130, we think the statements by appellant's representatives to Eberhart, Salow and Walter, are a sufficient evidentiary basis for the giving of this instruction.

Error is also assigned by appellant for the refusal of the court to give the first and third refused instructions. The first refused instruction is to the effect that, as a matter of law, waiver is an intentional

relinquishment of a known right; and that unless the jury find from all the evidence that the appellant intended to excuse the insured from furnishing proofs of loss, and by the conduct of its agents or officers made known its intention to the insured, it cannot be held or found that such conditions were waived. We are of opinion that this instruction was properly refused. A waiver may be an express waiver of proofs of loss, but could also be inferred from such conduct on the part of the company as would justify the belief that proofs of loss would not be required. *Gray v. Merchants Ins. Co.*, 113 Ill. App. 546. There was no error in the refusal of the third refused instruction because it is merely an abstract proposition, and there is no evidence in the case to which it could properly be applied. The record does not disclose any reversible error. The judgment is affirmed.

*Judgment affirmed.*