(No. 15979.—Reversed in part and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MIKE DAVID JENNINGS *et al.* Plaintiffs in Error.

*Opinion filed June 17, 1924.*

1. CRIMINAL LAW—*rules of the trial court limiting instructions should be reasonably enforced.* The trial court has power to make rules regulating the presenting of instructions and placing a limit on the right to demand instructions, but the enforcement of such rules must necessarily at times depend on the circumstances, and they should never be enforced strictly when their enforcement will prejudice a defendant in having his case fairly presented to the jury.

2. SAME—*accessory after the fact cannot be punished as principal.* Where the proof shows that a defendant is guilty only as an accessory after the fact, he is not subject to the same penalty as an accessory before the fact or as principal.

3. SAME—*when rule of trial court should be relaxed to allow giving of additional instructions.* A rule of the trial court limit-

ing the number of instructions and the time of presenting them should be relaxed to allow the giving of an additional instruction defining the difference between an accessory before the fact and an accessory after the fact and the punishment of each, where the proof is by no means clear whether a particular defendant was an accessory before or after the fact and where the instructions offered are not lengthy and the court has time to examine them.

WRIT OF ERROR to the Circuit Court of Jasper county; the Hon. FRANKLIN R. DOVE, Judge, presiding.

DAVIDSON & FITHIAN, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, WILLIAM E. ISLEY, State's Attorney, and EDWARD C. FITCH, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Freeman Ralph, Mike David Jennings and Walter Gaines, a colored man, were convicted in the circuit court of Jasper county of burglary and larceny. Defendants Ralph and Jennings were each seventeen years old and Gaines nineteen. They rode in box-cars of freight trains from Evansville, Indiana, to Newton, Jasper county, Illinois, arriving in Newton the afternoon of July 9, 1923. The freight train they were on stopped a considerable time at Newton, and while it was there the residence of Robert and Ethel Thompson, about a hundred yards from the railroad track, was burglarized and four or five shirts, a pair of men's shoes, a flashlight, a razor and a pie were stolen. Two of defendants were seen running from the house to the railroad, and they were seen in a box-car. They were in the car when the train pulled out for the north, and when it arrived at Toledo, some twenty-five miles north of Newton, they were arrested by the sheriff of Cumberland county and placed in jail. The stolen property, except the pie, was found hidden in the jail. Jennings had a suit-case, and it is evident the property was taken from the suit-case and hidden. When the case came on for trial Ralph pleaded

guilty, testified on behalf of the People and told his story of the burglary. Jennings and Gaines, who pleaded not guilty, also testified in their own defense but were found guilty, and they have sued out this writ of error.

The proof clearly warranted the verdict as to Jennings, but there is some question whether Gaines knew of the intended burglary before its commission and assented to it, and was therefore an accessory before the fact and guilty as principal. When the train defendants were on stopped in Newton, Gaines, according to the testimony of his co-defendants, complained of being thirsty. He did not want to leave the car to get water as there were no colored people in Newton. Jennings and Ralph went to a house to get water for him. When they brought it to him Ralph said he was going to get something to eat, left the car and soon returned with a pie. Ralph testified there was no one at home when he got the pie, and that all three of them talked about going back to the house. He testified he and Jennings went back, entered the house and stole the property referred to. Jennings testified Ralph suggested going back to the house and stealing some clothes; that he went alone, but as he stayed a good while Jennings went to find him. He denied entering the house. Both testified they saw a woman near by and ran away and went back to the car. The woman came to the car where defendants were and asked for her pie-plate. They either made no reply or denied having it.

In view of all the testimony in the record we cannot say the jury was not warranted in finding Jennings guilty. Ralph testified all three defendants talked about going back to the house where he got the pie, but that Gaines told them they had better not; that they would get into trouble if they did.

Jennings testified Ralph asked him to go with him, but he refused, and did not testify to anything Gaines said or did. The question is raised whether the proof shows Gaines

knew of and assented to the burglary before its commission and was therefore an accessory before the fact, and whether his conviction, under the indictment, as principal can be sustained. . The proof shows Gaines did no act before its commission in aid of the burglary. It does tend to show that after its commission he aided in concealing the property. Counsel contend that at most Gaines was nothing more than an accessory after the fact, and that under the law he should not have been convicted under an indictment charging him as principal, and that the court erred in refusing instructions offered on the theory that the evidence did not justify a verdict of guilty against Gaines as principal. *Reynolds* v. *People,* 83 Ill. 479; *People* v. *Jordan,* 244 id. 386; *People* v. *Sapp,* 282 id. 51.

. It appears from the record that the court adjourned for the noon hour after defendants' counsel had concluded his argument and that twelve instructions had been presented to the court for defendants before that time. None of them defined the difference between an accessory before the fact and an accessory after the fact. The court instructed the jury, for the People, that all persons who are present and aid and abet in the commission of a crime are in law principals, and that if Gaines aided, abetted and assisted in the commission of the crime then he was guilty as an accessory. On the convening of court at 1:15 P. M., and before the State's attorney began the closing argument, counsel for defendants requested the court to give on behalf of defendants three instructions defining what constitutes an accessory before the fact and an accessory after the fact, and instructing the jury that if any one of the defendants was shown by the proof not to have been an accessory before the fact such defendant could not be found guilty as principal. The court refused to give any of said instructions on the ground that they were not presented within the time provided by a rule of the court. The rule referred to provides that each party may present not more than ten in-

312—39

structions, and that they shall be presented at the conclusion of the evidence "and before the last argument begins." No additional instructions shall be presented except for good cause shown and by special permission of the court. The court has power to make rules regulating the presenting of instructions, but both the rule and the enforcement of it must be reasonable. Such a rule should never be enforced strictly when its enforcement would prejudice a defendant in having his case fairly presented to the jury. In the interest of the dispatch of business and to give the court an opportunity to examine and pass on instructions asked, a rule is not unreasonable which places some limit on the right to demand instructions, but the enforcement of any such rule must necessarily at times depend on the circumstances. Here the court refused to consider or give the three instructions because they had not been presented before the argument began at the conclusion of the evidence. Counsel for defendants had presented no instruction on the law covered by the three refused instructions, and they were necessary to properly present the law, under the evidence, as to the case of defendant Gaines. The proof was by no means clear that he was an accessory before the fact, and therefore, under the statute, punishable as principal. If the proof showed he was guilty only as an accessory after the fact he was not subject to the same penalty as an accessory before the fact. (Smith's Stat. 1923, Crim. Code, pars. 582-584.) The instructions refused were not lengthy or complicated and there was sufficient time for the court to examine them before they were to be read to the jury. Under the circumstances we think the court should have relaxed the rule and that he erred in refusing to give an instruction on that point.

The judgment will be affirmed as to Jennings but will be reversed and the cause remanded as to Gaines.

*Affirmed as to Jennings.*
*Reversed and remanded as to Gaines.*