**Sarah Kelley, Appellee, v. United Benefit Life Insurance Company, Appellant.**

**Gen. No. 8,692.**

Opinion filed April 25, 1934.

EARLY & EARLY, for appellant.

PAGE & FOLTZ and HALL & DUSHER, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is a suit by appellee as beneficiary in a life insurance policy issued by appellant upon the life of her son, Leland M. Kelley. Appellant prosecutes this appeal from the judgment upon a verdict in favor of appellee.

The deceased held two policies: one an accident and health policy issued by the Mutual Benefit Health and Accident Ass'n, hereinafter referred to as the Mutual Benefit Co., and one a life policy issued by appellant, the United Benefit Life Insurance Co., hereinafter referred to as the United Benefit Co. These two companies had interlocking officers. Each company had three officers and the same three individuals constituted the officers of each company. The two companies occupied the same building and had the same business address in the City of Omaha, Nebraska. They sold what Mr. Shaeffer, the secretary of appellant company, designates as a combination plan of insurance, which consisted of two contracts, such as were sold to the deceased herein. Both companies had one general agent located in the City of Rockford, by the name of H. E. Stone.

The deceased purchased the combination plan of insurance. The accident and health contract was issued by the Mutual Benefit Co., and the life policy was issued by the United Benefit Co., appellant. A joint receipt was issued by these companies upon the payment of premium, which at the top thereof contained the following language:

"Premium Receipt

United Benefit Life Insurance Co. (Omaha, Nebraska) and Mutual Benefit Health and Accident Assn."

This combination plan of insurance was sold to Leland M. Kelley on June 29, 1928. The health and accident policy provided that in case of permanent total disability of the insured due to injury, sickness or disease, the payment of premiums was waived, and further provided for the payment of certain cash benefits. The life policy provided for the waiver of premiums upon satisfactory proof being furnished the company of the insured's total permanent disability because of accident or disease.

About one year after the above policies were delivered to the insured, he made claim for total permanent disability because of a disease with which he had become afflicted. The doctor who was at that time treating the insured called upon Mr. Stone, the general agent of both companies, at his office in Rockford; advised him that the purpose of his call was to secure blanks upon which to make proof of the total permanent disability of the insured, under his policies, whereupon Mr. Stone gave to the doctor a set of blanks to be filled out for the proof of total permanent disability, stating the one set of blanks would do for both policies. This set of blanks was upon the Mutual Benefit Co., under whose name the health policy had issued. The physician states that appellant's general

agent advised him the set of blanks as furnished would cover everything and apply to both policies. Subsequently the blanks were filled out and sent to the home office at Omaha, Nebraska. Following this, a claim adjuster came to the residence of appellee, where the insured was confined, and in July, 1929, settlement was made in the sum of $535, upon the health policy, as the result of the proof of total permanent disability as submitted.

The insured died on February 8, 1931. Following his death, appellee submitted proof thereof to appellant and made claim for the payment of the life policy. Appellant refused payment and this suit was instituted by appellee as the beneficiary in the life policy. The jury rendered a verdict in favor of appellee and judgment was pronounced thereon.

A premium upon this policy had become due and the 30-day grace period had elapsed prior to the death of the insured. Appellant takes the position that the policy had lapsed for nonpayment of premium. Appellant further denied liability on the ground that the insured was not totally and permanently disabled, alleging no notice of such disability was given it, and therefore the premium waiver clause did not become effective, and as a consequence the policy had lapsed prior to the death of the insured.

Appellee insists that proof of total permanent disability had been furnished appellant's general agent with the understanding that the one set of proofs would be sufficient for both policies, that under the provisions of the life policy, payment of premiums thereon was thereby waived, and that when dealing with the general agent of both companies she had the right to rely upon his statements, and where both principals were interested in the same subject matter that the general agent of such principals owed a duty to each, and notice to him was notice to each, and

that his statements were binding upon the principals, citing the following authorities: *Hanon v. Kansas City Life Ins. Co.,* 269 Ill. App. 135, 148; *Ford v. Union Automobile Indemnity Ass'n,* 229 Ill. App. 264, 269; *Orient Ins. Co. v. McKnight,* 197 Ill. 190, 191; *Eberhart v. Aetna Ins. Co.,* 217 Ill. App. 354; *American Hominy Co. v. National Bank of Decatur,* 294 Ill. 223, 234; *Weisguth v. Supreme Tribe of Ben Hur,* 272 Ill. 541, 548, 549.

Appellee further urges that although the United Benefit Co. and the Mutual Benefit Co. were separate corporate entities, yet because of the fact that they conducted their insurance business together, sold a combination plan of insurance, had their offices in the same building with the same business address, and with the same persons constituting the officers of each company, the appellant is thereby precluded from raising the legal distinction of separate corporate existence, and that to do so, would permit appellant to circumvent its legal liability by a mere legal fiction, citing the following authorities: *Rockford City Traction Co. v. Industrial Commission,* 295 Ill. 358, 360; *McDermott v. A B C Oil Burner Sales Corp.,* 266 Ill. App. 115, 121; *Central Trust Co. v. Calumet Co.,* 260 Ill. App. 410, 418.

The provision for the waiver of premiums in the life policy sued on is that the insured shall furnish proof satisfactory to the insurer at its home office that he has become totally and permanently disabled by accident or disease. No condition is set out as to the manner in which the proof is to be furnished. It does not provide that the proof is to be in writing. Proof is such evidence of the truth of the matters asserted as tends to establish them. *Anderson v. Inter-State Business Men's Accident Ass'n,* 354 Ill. 538, 544. Contracts of insurance are to be construed liberally in favor of the insured. Where one has in good

faith furnished proof sufficient to apprise the insurer
of the character and extent of the claim, and no par-
ticular forms are required by the policy or by statute,
such person should not be barred because of the nature
or manner in which the proof was submitted, provided
such proof was actually submitted and the insurer
had due notice thereof. *Anderson v. Inter-State Busi-
ness Men's Accident Ass'n, supra.*

In this case the proof was made upon blanks fur-
nished by the general agent of both companies, who
stated the one set of blanks would suffice for both
policies. Appellee urges that under such circum-
stances, with both companies operating through the
same individuals as officers, and engaged in the sale
of a combination plan of insurance, the acts of the
general agent of said companies were binding upon
such companies, and his representation that proof sub-
mitted upon one set of blanks would be sufficient for
both policies was binding upon appellant.

Fletcher, in dealing with the situation of interlock-
ing officers and with respect to one person acting for
two or more principals, quotes from Mechem on Agency
as follows: "Where the same person acts with their
consent, as agent of two or more principals, all in-
terested in the same subject matter, and concerning
which he owes a duty of communication to each, notice
to this agent must doubtless be deemed notice to all
his principals in accordance with the ordinary rules."
Fletcher Cyc. Corp. vol. 4, par. 2248. Mechem on
Agency (2nd Ed.) par. 1837. We find no case involv-
ing the particular situation as is herein presented.
In such instances it is necessary that fundamental
principles of law, as just above announced, be resorted
to.

The general agent of appellant and of the Mutual
Benefit Co. was the prominent actor in the transaction
and he could not cease to have in mind facts, while

acting for the one company, that he had in mind while acting for the other, when both companies were interested in the same subject matter. He knew the policies had been sold upon a combination plan by these two companies and to the same purchaser. When the physician came to him for the purpose of securing necessary papers upon which to make proof of total permanent disability for this insured, and received from the agent a set of blanks with the statement that they would suffice for both policies, such proof upon being completed in accordance with the directions of the general agent of appellant, should be considered notice to appellant company. We are of the opinion that the general agent of appellant, being clothed with the power to solicit insurance in both companies, sell this combination plan of insurance, receive and forward applications therefor, receive and deliver policies, and to furnish claim blanks, receive and forward proofs for claims made in accordance with the provisions of such policies, had the right and power in this instance to waive the furnishing of proof to appellant of the claim of disability of this insured, by the execution of a duplicate set of blanks. The general agent of appellant, acting in the dual capacity in which he was then acting, had the power to waive a second set of proofs by the insured, as was done in this case. *Davis v. Home Ins. Co.*, 233 Ill. App. 566, 570; *Maltby v. Empire Auto Ins. Ass'n*, 239 Ill. App. 532, 537, 538; *Phenix Ins. Co. v. Stocks*, 149 Ill. 319, 336; *Hancock Mut. Life Ins. Co. v. Schlink*, 175 Ill. 284, 292; *Milwaukee Mechanics' Ins. Co. v. Schallman*, 188 Ill. 213, 224.

The proof of disability was mailed to the home office of appellant in Omaha, Nebraska. The proof submitted was approved by the Mutual Benefit Co., and settlement made upon that policy. Nothing became due from appellant upon the life policy during

the lifetime of the insured. The same agent and officers representing both companies, and the proof of disability submitted being approved by such persons on behalf of the Mutual Benefit Co., it is hard to conceive that they did not have notice and knowledge of the disability of the insured as officers of appellant company. They necessarily knew as much in the one capacity as they did in the other, and should not be permitted in this case to deny notice of proof of disability and to avoid liability because of separate corporate existence of these two companies.

Appellant offered no evidence upon the trial of this case. Appellee is entitled to all the favorable inferences legitimately arising from the evidence, and the verdict should remain undisturbed, unless it clearly appears that it was the result of passion or prejudice, or contrary to the clear weight of the evidence. *Dick v. Zimmerman,* 105 Ill. App. 615. In such cases courts of review will not reverse a judgment, when it is not manifestly against the weight of the evidence. *Blackhurst v. James,* 304 Ill. 586.

The question of the disability of the insured and of notice to appellant, were questions of fact for the jury. *Milwaukee Mechanics' Ins. Co. v. Schallman, supra.* The waiver of premium clause in the life policy now sued on, only provides that proof of disability satisfactory to appellant should be furnished. It does not specify or provide in what manner or by what method such proof shall be furnished. Under such circumstances we are of the opinion that the insured was required to furnish only such proof as should be satisfactory to reasonable men acting reasonably. *Wood v. Prudential Ins. Co. of America,* 271 Ill. App. 103, 112; *Anderson v. Inter-State Business Men's Accident Ass'n, supra.*

It was within the province of the jury to weigh and consider the evidence bearing upon such questions of

fact, and to determine same. Where the evidence is sufficient to sustain the verdict, and no errors of law have been committed to cause reversal, courts of review will not disturb the verdict, unless it clearly appears that it is contrary to the evidence. The only evidence appearing in the record is that of appellee, and we are unable to say that the verdict is contrary to the weight of the evidence.

Appellant and appellee both presented their instructions to the court after commencement of argument of the case to the jury. Appellant submitted 20 instructions, upon which the trial court indorsed the statement that same were submitted to him 15 minutes after attorney for appellee had proceeded with argument to the jury and that they were refused under rule two of that court. Appellee submitted seven instructions upon which the trial court made a similar indorsement. It appears that rule two of the circuit court of that county provided all instructions must be handed to the trial judge before the commencement of arguments, and instructions submitted later might be refused for that reason alone. It has been stated: "The rules of court have the same binding force upon parties, as well as upon the court as have statutes." *North Ave. Bldg. & Loan Ass'n v. Huber,* 286 Ill. 375, 383. Appellant urges the action of the trial court in refusing to give the instructions, as grounds for reversal but presents no authorities in support thereof. The right of the court to exercise this rule is recognized in the case of *Illinois Cent. R. Co. v. Haskins,* 115 Ill. 300, 311. This rule was relaxed somewhat in the case of *People v. Jennings,* 312 Ill. 606. In that case the defendants were charged with a felony, and it is apparent the reviewing court was not satisfied with the sufficiency of the evidence as against the defendant, Gaines. That cause was affirmed as to one defendant and reversed as to the said Gaines. It was there said that under

the circumstances in that particular case, the one instruction offered should have been given. Some argument might be made that the trial court in this case should have relaxed the rule, but the instructions were not offered until about 15 minutes after argument to the jury was commenced. We do not consider the court's refusal to relax the rule, to constitute reversible error in this case. It may be said that during the process of trial an instruction upon some particular phase of the case may become proper and necessary, which counsel had not anticipated or thought of before the beginning of the trial, but certainly counsel had prepared such instructions as they would ordinarily expect to use, in sufficient time to have presented them to the trial court before the commencement of argument to the jury.

The evidence is undisputed that appellee as well as the insured relied upon the representation of the general agent of appellant that the one set of proofs would be sufficient for both policies. There was nothing to put appellee or the insured upon notice that the proof submitted in compliance with the instructions of appellant's agent was not satisfactory. He was acting in a dual capacity as agent for both companies. The insured and appellee were thus lulled into silence and took no further steps toward making similar proof upon a second set of blanks. Under the circumstances, we are of the opinion they were entitled to consider the proof submitted was satisfactory to appellant.

Finding no reversible error in the record the judgment of the circuit court of Winnebago county is affirmed.

*Judgment affirmed.*