ANNA RETHY et al., Plaintiffs-Appellants, v. COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

(No. 70-211; )

Second District—July 2, 1971.

Elliott M. Simon and Frank C. Urban, both of Chicago, for appellants.

O'Brien, Burnell, Puckett & Barnett, of Aurora, (Wilson D. Burnell, of counsel,) for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The plaintiffs prosecute this appeal from an order entered June 5, 1970, by the Circuit Court of Kane County dismissing their complaint with prejudice and a subsequent order entered July 8, 1970, that denied their petition to vacate the earlier order.

The complaint, filed on August 18, 1969, alleged that Anna Rethy and Zoltan Rethey were injured on July 18, 1965, in an accident that occurred while they were passengers in an automobile operated by Olin W. Kriege. It further alleged that at the time of the accident Kriege was insured under a policy of insurance issued by Country Mutual Insurance Company that included benefits payable for medical expenses incurred by his passengers and that they had incurred such expenses in the total amount of $2123.43 for which judgment was sought. The complaint also stated that on June 5, 1967, the defendant "* * * offered to pay the sum of One Thousand Five Hundred ($1,500.00) Dollars to include the medical pay coverage, said offer was conditioned on plaintiffs accepting said sum to release the claim for personal injuries against said Olin W. Kriege."

On September 29, 1969, Country Mutual filed a motion to dismiss the complaint on the grounds that the suit was not commenced within the time provisions of the policy and was, therefore, barred. Relevant portions of the policy were attached to the motion that provided as follows:

"*SECTION III—MEDICAL PAYMENTS—DEATH BENEFITS ACTION AGAINST THE COMPANY*

No suit or action to collect benefits under this Section shall be sustainable in any court of law or equity unless commenced within twenty-four (24) months after the occurrence of the loss."

A hearing on that motion was held on May 22, 1970, and, as we have seen, the court dismissed the complaint on June 5. The petition to vacate alleged that at the hearing the "defendant's counsel pointed out that the offer of setlement pleaded in the plaintiff's complaint was not outside of the policy limitation period and therefore could not constitute a waiver." The petition then continued:

"6. That due to an inadvertent clerical error on the part of one of the attorneys for the plaintiff, the wrong settlement offer was pleaded in the plaintiff's complaint. Numerous written offers of settlement were made by the defendant including one contained in a letter dated January 30, 1969, more than 4½ years after the occurrence of the loss, a copy of which letter is attached hereto and incorporated herein as Exhibit A".

That letter from attorneys for Country Mutual, was as follows:

"January 30, 1969

Mr. Elliott M. Simon
Attorney at Law
Suite 900
33 North Dearborn Street
Chicago, Illinois 60602
 Re: Anna Rethy, et al v. Gerald Grider, et al
 No. 1178-66 Our File: R-338

Dear Mr. Simon:

We have now been instructed to offer the sum of $1,000.00 as settlement in full, including all medical pay, in the above matter on behalf of the defendant, Olin W. Kriege. Please take this matter up immediately and advise us accordingly.

If you are in no position to settle this case, we would like to take the depositions of plaintiffs' doctors in the near future, and we would appreciate some suggested dates that you might be available.

Yours very truly"

██ It is well established that an insurance policy may, subject to statutory regulation, include time limits within which action on the policy may be brought. (*Downing v. Wolverine Ins. Co.,* 62 Ill.App.2d 305, 311.) It is also well established, however, that such time limits may be waived by the insurer or lost by estoppel. (*Downing v. Wolverine Ins. Co., supra; Allemania Fire Ins. Co. v. Peck,* 133 Ill. 220, 228.) One of the more recent expressions of this second proposition, and the main case relied upon by the plaintiffs here, is in *O'Brien v. Country Mutual Insurance Company,* 105 Ill.App.2d 21, 24.

In the *O'Brien* case, the plaintiff was insured against casualty loss under a policy that provided that no action brought on it could be sustained unless commenced within 12 months from the date of loss. On May 8, 1964, the plaintiff's barn roof was damaged in a windstorm. The plaintiff reported the loss within the time provisions and on May 6, 1965, two days before the expiration of the "Action against Company" provision received a written letter from the Company offering to settle his claim. The plaintiff refused that offer, and a second one dated July 30, 1965, and on January 3, 1967, filed suit. The trial court dismissed the complaint on the grounds it was not filed within the 12 month period provided in the policy and denied plaintiff's motion to vacate. On appeal, the Appellate Court for the First District reversed the trial court, and quoted language from the case of *Phenix Ins. Co. v. Belt R. Co.,* 82 Ill.App. 265, to the effect that strong proof of a waiver by an insurer of a time restriction is not required but "* * * only such facts as would make it unjust, inequitable or unconscionable to allow the defense to be interposed." The court found that the allegations of the complaint, if proved, would establish a waiver of the time provisions since the plaintiff was given reasonable hope of adjustment and deterred from filing suit by the conduct of the insurer.

██ Despite some similarities, there are significant distinctions that can be drawn between *O'Brien* and the case before us. The complaint, in contrast to that filed in *O'Brien,* did not allege any facts that would constitute a waiver by Country Mutual of the time limits in the policy. The alleged offer of June 5, 1967, was, of course, within the 24 month period. The letter of January 30, 1969, against in contrast to *O'Brien,* cannot be considered an unequivocal offer to settle an outlawed claim since it obviously refers to settlement of pending litigation between the plaintiffs and the insured, Kriege, for personal injuries. The letter refers to a case number, describes Kriege as a "defendant", requests dates for depositions, and otherwise indicates that a suit has been filed. Under the circumstances, the gratuitous reference to "medical pay" could hardly be considered as sufficient grounds for the plaintiffs to reasonably believe

900

their claims for medical payments alone would be adjusted. It is also significant that the plaintiffs here were at all times represented by counsel whereas the court emphasized that O'Brien had no attorney in his negotiations with his insurer.

The amendment of pleadings is, of course, within the sound discretion of the trial court and will not be disturbed unless it appears that the discretion has been abused. (*Chautauqua Assn. v. Assembly of God,* 13 Ill.2d 258, 266.) It does not appear that the trial court in this instance acted other than properly and therefore we affirm the orders entered.

Orders affirmed.

SEIDENFELD and GUILD, JJ., concur.